JOURNAL ENTRY AND OPINION
{¶ 1} On September 17, 2007, the applicant, Mondrey Jackson, applied, pursuant to App.R. 26 (A) and (B), to reopen this court's judgment inState of Ohio v. Mondrey Jackson, Cuyahoga App. No. 88345,2007-Ohio-2925, which affirmed Jackson's convictions and sentences for one count of attempted murder and one count of felonious assault, but reversed and remanded to vacate the conviction and sentence for another count of felonious assault. Jackson maintains that his appellate counsel was ineffective for not raising certain issues: (1) the prosecution never entered physical evidence, i.e., the bullet, into *Page 3 
evidence and (2) the prosecution failed to show that Jackson possessed a gun. For the following reasons, this court denies the application to reopen.
 {¶ 2} App.R. 26(B)(2)(d) requires "a sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." This sworn statement is mandatory, and the failure to include such an affidavit is sufficient reason to deny the application.State v. Lechner, 72 Ohio St.3d 374, 1995-Ohio-25, 650 N.E.2d 449 andState v. Franklin, 72 Ohio St.3d 372, 1995-Ohio-8, 650 N.E.2d 447. Jackson's application is unsupported by an affidavit, and this is sufficient reason to deny the application.
 {¶ 3} Additionally, App.R. 26(B)(2)(c) requires that the application have "[o]ne or more assignments of errors or arguments in support of assignments of error that were not considered on the merits * * * by any appellate court * * *." The issues Jackson raises, that the prosecutor did not submit physical evidence like the bullet and did not show that defendant possessed a gun, are not authentic assignments of error. Rather, they are arguments for some unstated assignment of error, such as there was insufficient evidence to support the verdict or the verdict was against the manifest weight of the evidence. Jackson's *Page 4 
failure to state clearly what assignment of error should have been argued or was argued improperly renders his application fatally defective.
 {¶ 4} To the extent that Jackson endeavored to file a motion for reconsideration under App.R. 26(A), the court denies the motion because it is untimely and because Jackson has already filed a motion for reconsideration which this court has denied.
 {¶ 5} Accordingly, the court denies this application to reopen.
 JAMES J. SWEENEY, P.J., and KENNETH A. ROCCO, J., CONCUR. *Page 1