JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Eddie McCarroll ("McCarroll"), appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In February 2005, McCarroll was charged with two counts of felonious assault and three counts of child endangering.[1] In June 2005, McCarroll pled guilty to one count of felonious assault and the remaining charges were nolled. The trial court sentenced him to eight years in prison.
 {¶ 3} In August 2005, McCarroll appealed his sentence in State v.McCarroll, Cuyahoga App. No. 86901, 2006-Ohio-3010. We vacated his sentence and remanded the matter for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. In December 2006, the trial court resentenced McCarroll to eight years in prison.
 {¶ 4} McCarroll appeals again, raising three assignments of error. In the first assignment of error, he argues that the trial court abused its discretion and violated his rights to due process and meaningful appellate review when it did not offer reasons for imposing a maximum sentence.
 {¶ 5} In Foster at ¶ 61, 64, and 67, the Ohio Supreme Court held that judicial fact-finding to overcome a maximum sentence is unconstitutional in light of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. The Foster *Page 4 
court severed and excised, among other statutory provisions, R.C.2929.14(C), because imposing maximum sentences requires judicial fact-finding. Id., applying United States v. Booker (2005),543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, Blakely, and Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. "After the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99. As a result, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Foster at paragraph seven of the syllabus; State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at paragraph three of the syllabus. Therefore, we reject McCarroll's argument.
 {¶ 6} Accordingly, the first assignment of error is overruled.
 {¶ 7} In the second assignment of error, McCarroll argues that his sentence is contrary to law and violates his due process rights because the trial court failed to consider the proportionality and consistency of his sentence. He argues that R.C. 2929.11(B) requires that the trial court consider consistency when imposing a sentence and that the record does not adequately demonstrate that the trial court considered the issue of consistency when sentencing him. McCarroll maintains that we cannot be certain that "the trial court made sufficient comments to demonstrate that it indeed considered whether the sentence received by the defendant was consistent with similar offenders." We disagree. *Page 5 
 {¶ 8) In Foster, the Ohio Supreme Court held that R.C. 2929.11 must still be followed by trial courts when sentencing offenders. The Court held that R.C. 2929.11 does not mandate judicial fact-finding; rather, the trial court is merely to "consider" the statutory factors set forth in this section prior to sentencing. Id.
 {¶ 9} R.C. 2929.11(A) provides that a trial court which sentences an offender for a felony conviction must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the purposes set forth under R.C.2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 10} Moreover, this court has held that judicial fact-finding is not required under R.C. 2929.11. See State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341. Thus, trial courts must merely "consider" the statutory factors before imposing sentence. See Foster.
 {¶ 11} Consistency in sentencing is achieved by weighing the sentencing factors. Georgakopoulos, supra. See also, State v. Tish, Cuyahoga App. No. 88247, 2007-Ohio-1836. In the instant case, the trial court stated in its judgment entry that it considered all required factors of law. Since the court followed the statutory process for felony sentencing, the sentence imposed is within the statutory range for McCarroll's conviction, and the record is devoid of any evidence of inconsistency or *Page 6 
disproportionality, we find that his sentence is supported by the record and not contrary to law.
 {¶ 12} Thus, the second assignment of error is overruled.
 {¶ 13} In the third assignment of error, McCarroll argues that since his criminal conduct pre-dates Foster, this court is precluded from applying Foster's remedy because of the Due Process and Ex Post Facto Clauses of the United States Constitution. He maintains that the imposition of a minimum prison term of two years is the only sentence consistent with his Sixth Amendment and ex post facto rights.
 {¶ 14} However, as we noted in State v. Mallette, Cuyahoga App. No. 87894, 2007-Ohio-715, discretionary appeal not allowed,115 Ohio St.3d 1439, 2007-Ohio-5567; Foster addressed the constitutionality of sentences imposed pursuant to S.B. 2, effective July 1, 1996.[2] InMallette, we concluded that the remedial holding of Foster did not violate the defendant's due process rights or the ex post facto principles of the United States Constitution because:
 "Mallette [the defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed." Id. *Page 7 
 {¶ 15} Similarly, in the instant case, McCarroll had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. The application of Foster did not judicially increase the range of his sentence. As a result, we find thatFoster did not deprive McCarroll of his liberty without due process or violate the Ex Post Facto Clause.
 {¶ 16} Therefore, the third assignment of error is overruled.
 {¶ 17} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J. and MARY J. BOYLE, J., CONCUR
[1] McCarroll was indicted with codefendant, Erica Smith, who was charged with obstruction of justice.
[2] S.B. 2 is applicable to all offenses committed on or after that date. See State v. Rush, 83 Ohio St.3d 53, 1998-Ohio-423,697 N.E.2d 634, certiorari denied (1999), 525 U.S. 1151, 119 S.Ct. 1052,143 L.Ed.2d 58. *Page 1