{¶ 1} In State v. Lewis, Cuyahoga County Court of Common Pleas Case Nos. CR-469153, 479778 and 477495, applicant, Christopher Lewis, pled guilty to and was convicted of thirteen counts of burglary in three separate cases. This court affirmed that judgment and remanded the case for clarification regarding restitution to the victims in State v.Lewis, Cuyahoga App. Nos. 88627, 88628 and 88629, 2007-Ohio-3640. The Supreme Court of Ohio denied applicant's motion for leave to appeal and dismissed the appeal as not involving any substantial constitutional question. State v. Lewis, Ohio St.3d , 2007-Ohio-6803, 878 N.E.2d 34.
 {¶ 2} Lewis filed with the clerk of this court an application for reopening on October 30, 2007, and on November 5, 2007, filed an application for delayed reopening instanter. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not argue on direct appeal that the trial court erred by imposing a consecutive sentence — totaling 57 years — which "was inconsistent with and disproportionate to other sentences imposed in other cases." Application for Delayed Reopening Instanter, at 4. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 3} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good *Page 4 
cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 4} This court's decision affirming applicant's conviction was journalized on July 30, 2007. The application was filed on Tuesday, October 30, 2007, in excess of the ninety-day limit.[1] That is, the application was due 91 days after the journalization of this court's journal entry and opinion in applicant's direct appeal, but Lewis did not file the application until 92 days after the journalization of this court's decision affirming his conviction. "Compare: State v.Agosto, Cuyahoga App. No. 87283, 2006 Ohio 5011, reopening disallowed,2007 Ohio 848 (91 days); State v. Peyton, Cuyahoga App. No. 86797,2006 Ohio 3951, reopening disallowed, 2007 Ohio 263 (93 days); State v.Lowe, Cuyahoga App. No. 82997, 2004 Ohio 4622, reopening disallowed,2005 Ohio 5986 (91 days). Cf. State v. Woodard (Apr. 23, 1992), Cuyahoga App. No. 61171, 1992 Ohio App. LEXIS 2083, reopening disallowed (Sept. 18, 2001), Motion No. 23121 (91 days after appointment of counsel)."State v. Burnett, *Page 5 
Cuyahoga App. No. 87506, 2007-Ohio-284, reopening disallowed,2007-Ohio-4434, at ¶ 4 (98 days).
 {¶ 5} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). See, e.g., State v. Gumm, 103 Ohio St.3d 162,2004-Ohio-4755, 814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467,2004-Ohio-3976, 812 N.E.2d 970. We need not, therefore, examine the merits of this application if Lewis failed to demonstrate good cause for failing to file a timely application.
 {¶ 6} Counsel for Lewis states that he was in trial on the last day for filing a timely application because a colleague began paternity leave sooner than anticipated. As a consequence, counsel for Lewis contends that counsel's error should not be to the detriment of his client.
 {¶ 7} In State v. Stockwell (July 26, 2001), Cuyahoga App. No. 78501, reopening disallowed (Feb. 26, 2002), Motion No. 33621, the applicant filed the application 15 days late. Stockwell's counsel indicated that the delay was due to clerical and oversight errors in counsel's office, i.e., the application was sent by regular mail rather than overnight service. "Simple attorney neglect is not a reason for excusing a litigant's failure to comply with time requirements. State ex rel.Lindenschmidt v. Board of Commissioners of Butler County (1995),72 Ohio St.3d 464, *Page 6 650 N.E.2d 1343. Accordingly, Stockwell's application is fatally defective and must be denied." Stockwell, at 4.
 {¶ 8} Similarly, in this case, applicant's counsel acknowledges that the delay in filing the application "was due to counsel's error * * *." Application for Delayed Reopening Instanter, at 1. As Stockwell
demonstrates, "simple attorney neglect" does not provide a sufficient basis for this court to conclude that there is good cause for the untimely filing of an application for reopening. We must hold, therefore, that Lewis has failed to demonstrate good cause for the untimely filing of his application.
 {¶ 9} Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening. See also: State v.Collier (June 11, 1987), Cuyahoga App. No. 51993, reopening disallowed2005-Ohio-5797, Motion No. 370333; State v. Garcia (July 8, 1999), Cuyahoga App. No. 74427, reopening disallowed 2005-Ohio-5796, Motion No. 370916.
 {¶ 10} We also deny the application on the merits, although — as the discussion above demonstrates — we are not required to review this application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Lewis has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v.Spivey (1998), 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. *Page 7 
 {¶ 11} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." Id. at 25. Lewis cannot satisfy either prong of theStrickland test. We must, therefore, deny the application on the merits.
 {¶ 12} As mentioned above, Lewis asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not argue on direct appeal that the trial court erred by imposing a consecutive sentence — totaling 57 years — which "was inconsistent with and disproportionate to other sentences imposed in other cases." Application for Delayed Reopening Instanter, at 4. See also R.C.2929.11(B). Lewis specifically complains that his sentence is disproportionate compared with that of his co-defendant in Cuyahoga County Court of Common Pleas Case No. CR-479778, who received a sentence of concurrent three-year terms. The state responded that Lewis and his co-defendant do not have comparable records and emphasized the numerous burglaries involved in Lewis' three cases. *Page 8 
 {¶ 13} In State v. McCarroll, Cuyahoga App. No. 89280, 2007-Ohio-6322, McCarroll raised in his direct appeal a comparable argument regarding the proportionality and consistency of his sentence. "In [State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470], the Ohio Supreme Court held that R.C. 2929.11 must still be followed by trial courts when sentencing offenders. The Court held that R.C. 2929.11 does not mandate judicial fact-finding; rather, the trial court is merely to "consider" the statutory factors set forth in this section prior to sentencing. Id.
 {¶ 14} "* * *
 {¶ 15} "Consistency in sentencing is achieved by weighing the sentencing factors. [State v. Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341.] See also, State v. Tish, Cuyahoga App. No. 88247,2007 Ohio 1836. In the instant case, the trial court stated in its judgment entry that it considered all required factors of law. Since the court followed the statutory process for felony sentencing, the sentence imposed is within the statutory range for McCarroll's conviction, and the record is devoid of any evidence of inconsistency or disproportionality, we find that his sentence is supported by the record and not contrary to law." McCarroll, supra, at ¶ 8-11.
 {¶ 16} Similarly, in this case, the trial court stated in the sentencing entry in each of the three underlying cases: "The court considered all required factors of the law." Although applicant's only challenge to the sentence is on the grounds of inconsistency and disproprotionality, he has not demonstrated any basis in the record supporting his challenge. In light of McCarroll, therefore, we cannot conclude *Page 9 
that appellate counsel was deficient nor can we conclude that Lewis was prejudiced by the absence of an assignment of error challenging the propriety of his sentence as inconsistent with and disproportionate to sentences in other cases.
 {¶ 17} We also note that Lewis has failed to comply with App.R. 26(B)(2)(c) which requires that an application for reopening contain "[o]ne or more assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation ." Although Lewis asserted the sentencing argument discussed above, he never articulated a proposed assignment of error. The "failure to state clearly what assignment of error should have been argued or was argued improperly renders his application fatally defective." State v. Jackson, Cuyahoga App. No. 88345, 2007-Ohio-2925, reopening disallowed, 2007-Ohio-5431, at ¶ 3. Likewise, Lewis' failure to clearly articulate a proposed assignment of error provides a sufficient basis for denying his request for reopening.
 {¶ 18} As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
MARY EILEEN KILBANE, P.J., and FRANK D. CELEBREZZE, JR., CONCUR
[1]
 Days Month
 1 July
 31 August
 30 September
 30 October
 92 TOTAL

Sunday, October 28, 2007, was the ninetieth day. Applicant's counsel acknowledges, however, that Monday, October 29, 2007, was the last day on which a timely application could have been filed because the ninetieth day was a Sunday. App.R. 14(A). *Page 1