JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Stanley Braxton, appeals from a trial court order re-sentencing him after his original sentence was vacated pursuant to the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Braxton asserts that the record in this case does not adequately demonstrate that the trial court considered whether the sentence it imposed was consistent with the sentences imposed on similar offenders for similar crimes. We find no error in the proceedings below and affirm the trial court's decision.
 {¶ 2} The factual and procedural history of this case is thoroughly documented in this court's previous opinion in this case, State v.Braxton, Cuyahoga App. No. 86859, 2006-Ohio-3008. Essentially, appellant was found guilty of two counts of rape and two counts of kidnaping following a jury trial. The court found appellant to be a sexual predator, and sentenced him to nine years' imprisonment on each count. The sentences for the two rape charges were to run consecutively to one another; the sentences for the kidnaping charges ran concurrently with the sentences on the associated rape charges, for a total of 18 years' imprisonment.
 {¶ 3} On appeal, this court concluded that the evidence was sufficient and his convictions did not contravene the manifest weight of the evidence. We further found that the court did not err by classifying appellant as a sexual predator. However, because appellant's sentence was imposed based on statutes the Ohio Supreme Court found to be unconstitutional in Foster, we vacated the sentence and *Page 4 
remanded the matter for a new sentencing hearing in accordance withFoster's dictates.
 {¶ 4} The trial court conducted a resentencing hearing on July 19, 2007. At the conclusion of that hearing, the court sentenced appellant to nine years' imprisonment on each count. The sentences for each rape and associated kidnaping were to run concurrently to one another but consecutive to the sentences for the other rape and kidnaping charge.
 {¶ 5} In this appeal, appellant argues that the trial court did not expressly comment on R.C. 2929.11(B) or the consistency of the sentence it imposed, and therefore we must assume that the court did not consider the consistency of its sentence. We disagree. "[I]n State v. Hunt, Cuyahoga App. No. 81305, 2003 Ohio 175, this court held that `R.C. 2929.11(B) does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments.' The court is not required to make express findings that the sentence is consistent with other similarly situated offenders. State v. Richards, Cuyahoga App. No. 83696, 2004 Ohio 4633; State v. Harris, Cuyahoga App. No. 83288,2004 Ohio 2854." State v. Lowe, Cuyahoga App. No. 88781, 2007-Ohio-4039, ¶ 32.
 {¶ 6} We have previously held that the trial court's statement that it considered "all required factors of law" was sufficient to demonstrate that it considered the consistency of the sentence. State v. Lewis, Cuyayoga App. *Page 5 
Nos. 88627, 88628, and 88629, 2008-Ohio-679, ¶¶ 13-16; State v.McCarroll, Cuyahoga App. No. 89280, 2007-Ohio-6322, ¶ 11. As inLewis and McCarroll, the judgment entry here likewise indicates that the trial court considered "all required factors of the law." At the sentencing hearing, the court expressly stated that it considered, e.g., "the purposes and principles of sentencing." The record contains no evidence indicating that the sentence imposed here was inconsistent with or disproportionate to any sentences imposed for similar crimes by similar offenders. Therefore, we hold that the sentence is supported by the record and not contrary to law.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and MARY J. BOYLE, J., CONCUR *Page 1