JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Ernest Wright appeals from his convictions for burglary and violation of a protection order. For the reasons set forth below, we affirm.
 {¶ 2} On January 24, 2006, defendant was indicted for one count of burglary and one count of violation of a temporary protection order. The matter proceeded to a jury trial on February 8, 2007.
 {¶ 3} Valerie Wright testified that she and defendant had been married and had two children. They divorced in April 2004. Following the divorce, Ms. Wright resided with her parents, and also at the Eastside Catholic Shelter, then transitional housing. She obtained a protection order in connection with the divorce which barred defendant from, inter alia, harming, attempting to harm, threatening, following or contacting her. Defendant was also ordered to stay at least 500 yards away from her or places where she was likely to be.
 {¶ 4} On September 26, 2005, she opened her garage door and prepared to take out the trash. As she entered the attached garage, she observed defendant in the garage, a few feet away from the door leading inside the house. Ms. Wright fled into the house and quickly locked the door behind her. Defendant then burst through the door, breaking the frame and causing the doorknob to break an adjacent door leading to the basement.
 {¶ 5} According to Ms. Wright, defendant grabbed her by the shoulders and said, "I want my family back. I want you to take this m[* * *] f[* * *] protection order *Page 2 
off me, and you need to do it now."
 {¶ 6} Defendant stayed at the residence approximately 20 minutes and continued to ask her to dismiss the protection order and to let him see the children. On cross-examination, Ms. Wright admitted that she did not call the police until approximately five hours later. She also admitted that she had previously falsely accused defendant of domestic violence. That is, on August 8, 2002, she made a statement at the Second District police station which indicated that defendant had committed domestic violence against her. The domestic relations court issued a protection order, but Ms. Wright then signed a written and notarized statement in which she retracted the allegation that defendant had engaged in domestic violence. The protection order was dismissed based upon this second statement.
 {¶ 7} Ms. Wright also admitted that, on December 29, 2003, she sought a protection order in connection with her divorce and alleged in an affidavit that defendant had committed domestic violence against her. In a written and notarized statement, dated January 21, 2005, she retracted the allegations of this affidavit, however.
 {¶ 8} Finally, Ms. Wright admitted that in September 2003, she made a police report in which she alleged that defendant took her to a hotel at gunpoint then raped her. She acknowledged later telling the police that no weapon was used during this incident and defendant was never charged with any crime in connection with this *Page 3 
incident.
 {¶ 9} On redirect examination, Ms. Wright testified that she retracted the allegations because defendant threatened to harm her and her family. She also stated that defendant's brother, Tony Wright, escorted her to an attorney's office in order to execute the statements which retracted the allegations lodged in one of the matters. Defendant and his relatives also followed her and told her to retract the allegations. Ms. Wright testified that she felt safe making the allegations to the police or in court but was afraid later when she was home alone.
 {¶ 10} Cleveland Police Officer Theresa Ray testified that she responded to the call which is the subject of this indictment and that it was designated a "low priority" call. The outer frame of the door leading from the garage into the home was cracked and an inside door was also dented.
 {¶ 11} Defendant was convicted of both charges and was sentenced to a four-year term of imprisonment for the burglary conviction and a concurrent three-year term for the conviction of violation of a protection order.
 {¶ 12} He now appeals and assigns three errors for our review.
 {¶ 13} For his first assignment of error, defendant asserts that the trial court erred in refusing to permit him to cross-examine Ms. Wright as to a police report filed by CMHA, which accused her of forging a check. *Page 4 
 1. CMHA Police Report Alleging Forgery {¶ 14} Evid. R. 608(B) provides:
 {¶ 15} "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid. R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."
 {¶ 16} Such evidence must also be admissible pursuant to Evid. R. 403(B) which provides that "evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence." In re Michael (1997),119 Ohio App.3d 112, 694 N.E.2d 538. Moreover, the decision to admit evidence of earlier misconduct of a witness for impeachment under Evid. R. 608(B) is "within the sound discretion of the trial court."State v. Boggs (1992), 63 Ohio St.3d 418, 424, 588 N.E.2d 813.
 {¶ 17} In this matter, we find no abuse of discretion. Assuming that such police report actually existed, this line of inquiry created a substantial danger of the needless presentation of cumulative evidence since defendant was permitted to *Page 5 
extensively cross-examine the witness as to her numerous recantations of abuse.
This claim is without merit.
 {¶ 18} The assignment of error is overruled.
 {¶ 19} For his second assignment of error, defendant complains that the trial court erred in permitting the introduction of irrelevant and prejudicial evidence.
 {¶ 20} Defendant next complains that the trial court erred in permitting Officer Ray to testify that some persons who file domestic violence complaints later recant their claims.
 {¶ 21} Again, the admission of evidence is within the sound discretion of the trial court. See State v. Sage (1987), 31 Ohio St.3d 173, 182,510 N.E.2d 343, paragraph two of the syllabus. A reviewing court shall not reverse a trial court's judgment for failure to exclude evidence unless the trial court clearly has abused its discretion and the complaining party has suffered material prejudice. Columbus v.Taylor (1988), 39 Ohio St.3d 162, 164, 529 N.E.2d 1382.
 {¶ 22} We find no abuse of discretion as the remark was brief, isolated, and not used to bolster Ms. Wright's credibility. It did not result in any prejudice.
The second assignment of error is without merit.
 {¶ 23} For his third assignment of error, defendant asserts that his conviction is against the manifest weight of the evidence.
 {¶ 24} When a court of appeals reverses a judgment of a trial court on the *Page 6 
basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. State v.Thompkins, 78 Ohio St.3d 380, 388, 1997-Ohio-52, 678 N.E.2d 541, citingTibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211,72 L.Ed.2d 652. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the court clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. SeeState v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 25} In this matter, the evidence demonstrated that Ms. Wright opened the door of the attached garage and observed defendant inside the garage when she was taking out the trash. The evidence further demonstrated that she fled into the house and locked the door but defendant burst through, breaking the door frame. The evidence also demonstrated that defendant grabbed her and ordered her to have the protection order dismissed. Although Ms. Wright admitted to numerous similar allegations in the past and numerous signed and notarized recantations, we cannot say that the jury lost its way. The evidence clearly demonstrated that the door to the home was forcibly breached, and Ms. Wright credibly established that the prior recantations were the products of fear and pressure from defendant and his family. We cannot say that the convictions are against the manifest weight of the *Page 7 
evidence.
 {¶ 26} The third assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1