JOURNAL ENTRY AND OPINION
{¶ 1} Ernest Wright has filed a timely application for reopening pursuant to App. R. 26(B). Wright is attempting to reopen the appeal, as rendered in State v. Wright, Cuyahoga App. No. 90439, 2008-Ohio-3678, which affirmed his conviction for the offenses of burglary and violation of a civil protection order. For the following reasons, we decline to reopen Wright's original appeal.
 {¶ 2} Initially, we find that Wright has failed to support his application with an affidavit averring the grounds for reopening. App. R. 26(B) requires "a sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." *Page 3 
The failure to provide the sworn statement is sufficient reason to deny the application. State v. Lechner, 72 Ohio St.3d 374, 1995-Ohio-25,650 N.E.2d 449; State v. Franklin, 72 Ohio St.3d 372, 1995-Ohio-8,650 N.E.2d 447. See, also, State v. Fussell (June 1, 1999), Cuyahoga App. No. 73713, unreported, reopening disallowed (Dec. 17, 1999), Motion No. 09186; State v. Parker (Nov. 13, 1997), Cuyahoga App. No. 71260, unreported, reopening disallowed (June 22, 1998), Motion No. 291891. Since Wright has not provided this court with a sworn affidavit, which delineates the basis for the claim of ineffective assistance of appellate counsel, we must deny his application for reopening.
 {¶ 3} In addition, App. R. 26(B)(2)(c) mandates that the application for reopening must contain "[o]ne or more assignments of error or arguments in support of assignments of error that were not considered on the merits * * * by any appellate court." In the case sub judice, Wright has not presented this court with any proposed assignments of error or arguments, which demonstrate a claim of ineffective assistance of appellate counsel. Wright simply states, in his application for reopening, that: "[a]lso many error's from the trial attorney. Due process, speedy trial and many constitution errors and prejudice. * * * The foregoing is clear that there were many errors committed in this case. Ernest Wright is not guilty and therefore he respectfully moves this Honorable court to reverse this case and to remand it to the trial court for a new trial." Wright's failure to clearly state the assignments of error that should have been argued on appeal and the failure to demonstrate a *Page 4 
colorable claim of ineffective assistance of appellate counsel renders his application for reopening fatally defective. State v. Spivey,84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696; State v. Reed,74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. See, also, State v.Jackson, Cuyahoga App. No. 88345, 2007-Ohio-5431.
 {¶ 4} Accordingly, Wright's application for reopening is denied.
 PATRICIA A. BLACKMON, P.J., and MELODY J. STEWART, J., CONCURS. *Page 1