[Cite as *State v. Burst*, 2011-Ohio-2253.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94080**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WALTER BURST

DEFENDANT-APPELLANT

**JUDGMENT:**
**APPLICATION DENIED**

Cuyahoga County Court of Common Pleas
Case No. CR-519920
Application for Reopening
Motion No. 442170

**RELEASE DATE:** May 9, 2011

**FOR APPELLANT**

Walter Burst, pro se
Inmate No. 572-963
Marion Correctional Institution
P.O. Box 57
Marion, OH 43301-0057

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Walter Burst has filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered in *State v. Burst*, Cuyahoga App. No. 94080, 2010-Ohio-5773, which affirmed his conviction for one count of aggravated robbery, one count of robbery, two counts of kidnapping, and one count of

theft. For the following reasons, we decline to reopen Burst's original appeal.

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, Burst must demonstrate that appellate counsel's performance was deficient and that, but for counsel's deficient performance, the result of his appeal would have been different. *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Specifically, Burst must establish that "there is a genuine issue as to whether he was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 3} In *State v. Reed,* supra at 458, the Ohio Supreme Court held that "the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696.

{¶ 4} It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct.

3308, 77 L.Ed.2d 987. Further, appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id.; *State v. Grimm*, 73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253, *State v. Campbell*, 69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339.

{¶ 5} In *Strickland v. Washington,* supra, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be deferential. The court stated further that it is tempting for a defendant–appellant to second-guess his attorney after conviction and appeal, and that it would be "all too easy" for a court to conclude that a specific act or omission was deficient when examining the matter in hindsight. Id. at 689. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. Finally, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments and the importance of winnowing out weaker arguments on appeal to focus on one central issue or, at most, a few key issues. *Jones,* supra.

{¶ 6} Burst has not raised any proposed assignments of error in support of his claim of ineffective assistance of appellate counsel. He simply makes three assertions in support of his claim of ineffective assistance of appellate counsel: (1) an alleged conflict of interest

between the trial judge and a juror; (2) the failure of defense counsel to produce "live camera footage" of a car or van; and (3) an alleged "secret meeting" in the judge's chambers. Burst's failure to state any proposed assignments of error renders his application for reopening fatally defective.

{¶ 7} As this court has previously stated, "[applicant] inserts in his application statements indicating that some witnesses committed perjury and complains that his trial and appellate counsel did not raise the issue of the truthfulness of their testimony. He does not identify where in the record this purported perjury occurred. He also has not set forth a proposed assignment of error related to his assertions.

{¶ 8} "This court has previously held that the failure to clearly state proposed assignments of error is 'fatally defective.' See, e.g. *State v. Lewis*, Cuyahoga App. Nos. 88627, 88628, and 88629, 2007-Ohio-3640, reopening disallowed, 2008-Ohio-679, at ¶17; *State v. Jackson*, Cuyahoga App. No. 88345, 2007-Ohio-2925, reopening disallowed, 2007-Ohio-5431, at ¶3." *State v. Fryerson*, Cuyahoga App. No. 91960, 2009-Ohio-4227, reopening disallowed, 2010-Ohio-1852, Motion No. 428670, at ¶7.

{¶ 9} Notwithstanding the aforesaid fatal defect, a substantive review of the three assertions made by Burst, even if considered as assignments of error, fails to demonstrate that appellate counsel was ineffective.

{¶ 10} First, Burst fails to demonstrate through citation to the record that the trial judge was biased because she knew a juror. *State v. Stewart*, Cuyahoga App. No. 93428, 2010-Ohio-3869, reopening disallowed, 2011-Ohio-1667, Motion No. 439406. In addition, the assertion that Burst was not involved in the theft of a car or van was previously addressed upon direct appeal in the assignments of error regarding the manifest weight and sufficiency of the evidence. Thus, any proposed assignment of error pertaining to the theft of a car or van is barred from further review by the doctrine of res judicata. *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204; *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104; *State v. Williams* (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 252164.

{¶ 11} Finally, Burst fails to allege any prejudicial error as a result of the trial judge's meeting in chambers with the prosecutor and a co-defendant's trial counsel. The mere recitation of a proposed assignment of error, without a demonstration from the record of any prejudicial error, is insufficient to meet an applicant's burden of demonstrating that his appellate counsel was deficient for failing to raise the issue and a reasonable probability the claim would have been successful on appeal. *State v. Harris*, Cuyahoga App. No. 90699, 2008-Ohio-5873, reopening disallowed, 2009-Ohio-5962, Motion No. 418801; *State v. Hawkins*, Cuyahoga App. No. 90704, 2008-Ohio-6475, reopening disallowed, 2009-Ohio-2246, Motion No. 417851.

{¶ 12} Burst has not meet the standard for reopening. Accordingly, his application for reopening is denied.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
JAMES J. SWEENEY, J., CONCUR