[Cite as *State v. Storey*, 2012-Ohio-3155.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 97741

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PEPPE STOREY

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-515971

**BEFORE:**   E. Gallagher, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**     July 12, 2012

**ATTORNEY FOR APPELLANT**

Kelly A. Gallagher
P.O. Box 306
Avon Lake, Ohio    44012


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    T. Allan Regas
Mary H. McGrath
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant, Peppe Storey, appeals his resentencing in the Cuyahoga County Court of Common Pleas. Appellant argues that the trial court erred in failing to consider whether his sentence was consistent with sentences imposed for similar crimes committed by similar offenders. For the following reasons, we overrule appellant's assignment of error.

{¶2} On September 30, 2009, appellant was charged in a six-count indictment with two counts of felonious assault, domestic violence, unlawful possession of a dangerous ordnance, and two counts of having a weapon while under disability. The indictment additionally included several forfeiture and firearm specifications.

{¶3} The case proceeded to a jury trial and appellant was convicted of two counts of felonious assault, domestic violence, and one count of having a weapon while under disability.

{¶4} In *State v. Storey*, 8th Dist. No. 92946, 2010-Ohio-1664 ("*Storey I*"), appellant appealed his convictions and sentence to this court. In that case, we affirmed in part and reversed in part and remanded the matter for resentencing with respect to the two felonious assault offenses, which we found to be allied offenses and ordered merged. *Id.* at ¶ 18-21.

{¶5} On May 26, 2010, the trial court resentenced appellant pursuant to this court's remand in *Storey I*. After merging the two counts of felonious assault and

hearing statements on behalf of the state and appellant, the trial court sentenced appellant to a prison term of eight years for felonious assault to be served prior to and consecutive with a three-year term for the firearm specification attached to that count.

{¶6} On January 6, 2012, this court granted appellant's motion for a delayed appeal from his resentencing. Appellant asserts the following sole assignment of error:

> Appellant's sentence is contrary to law and violative of due process because the trial court failed to consider whether the sentence was consistent with the sentences imposed for similar crimes committed by similar offenders.

{¶7} As an initial matter, we note that the doctrine of res judicata does not bar a defendant from objecting to issues that arise at a resentencing hearing or from the resulting sentence. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 30. A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing, however, "only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review." *Id*. at ¶ 15. The scope of a defendant's new sentencing hearing will include the trial court's consideration of R.C. 2929.11 when fashioning the new sentence and the defendant is not precluded from objecting to that sentence and claiming that it is inconsistent with the sentences imposed on similarly situated defendants. *Id*. at ¶ 31.

{¶8} "Although no specific findings need to be placed on the record by the trial court, R.C. 2929.11(B) does require the trial court to consider whether the sentence is

'consistent with sentences imposed for similar crimes committed by similar offenders.'" *Id.* at ¶ 31.

{¶9} The record in the present case reflects that the trial court considered the statutory guidelines before pronouncing sentence. At the sentencing hearing the court stated that it had considered the principles and purposes of felony sentencing. Additionally, the sentencing journal entry reads in part: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." We have previously held that the trial court's statement that it considered "all required factors of law" was sufficient to demonstrate that it considered the consistency of the sentence. *State v. Braxton*, 8th Dist. No. 90273, 2008-Ohio-3083, ¶ 6, citing *State v. Lewis*, 8th Dist. Nos. 88627, 88628, and 88629, 2008-Ohio-679, ¶ 13-16; *State v. McCarroll*, 8th Dist. No. 89280, 2007-Ohio-6322, ¶ 11. Therefore, the trial court complied with R.C. 2929.11. *State v. Cole*, 8th Dist. No. 93271, 2010-Ohio-3408, ¶ 30.

{¶10} Furthermore, this court has concluded that in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. *State v. Bronczyk*, 8th Dist. No. 96326, 2011-Ohio-5924, ¶ 61; *State v. Cole*, 8th Dist. No. 93271, 2010-Ohio-3408, ¶ 31.

{¶11} Appellant did not raise in the trial court that his sentence was

disproportionate to sentences given to other offenders with similar records who have committed the same offense, nor did he present evidence as to what a "proportionate sentence" might be.[1]   Therefore, he has not preserved the issue for appeal. Accordingly, appellant's sole assigned error is overruled.

{¶12}   The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

---

[1] In fact, even on appeal appellant has failed to provide a starting point for analysis or any support beyond conclusory statements for his contention that his sentence is disproportionate to sentences imposed upon other offenders.