JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Christopher Lewis ("defendant"), appeals following his guilty pleas, convictions, and sentences on multiple counts of burglary in three separate cases. For the reasons that follow, we affirm and remand for clarification.
 {¶ 2} In exchange for defendant's guilty pleas, the State agreed to amend the various counts of the indictments in each case by reducing the charges and dismissing others.
 {¶ 3} In Case No. CR-469153, defendant pled guilty to burglary, a felony of the second degree. In Case No. CR-477495 defendant pled guilty to burglary, a felony of the third degree. In Case No. CR-479778, defendant pled guilty to two counts of burglary, second degree felonies, and nine counts of burglary, felonies of the third degree. No other pending cases or charges were discussed during the plea hearing and no promises were made concerning future charges.
 {¶ 4} On July 17, 2006, proceedings commenced in the trial court on a fourth case involving a multi-count indictment against defendant. At that time, defendant expressed through his counsel a desire to not enter guilty pleas in the fourth case. Defense counsel further expressed defendant's desire, through an oral motion, to withdraw the guilty pleas he had previously entered in the other three cases.
 {¶ 5} When asked why he wished to withdraw his guilty pleas, defendant stated "because my understanding was that I was just going to plead guilty to these *Page 4 
and all my charges would be read together, but now they are bringing the new cases and I'm getting two separate times for both things." The court continued to address the issue until defendant consulted with his counsel. After a discussion was held off the record, defendant's attorney stated "Your Honor, [defendant] now understands that the prior pleas have been entered. He wishes to keep those, and, I believe then keep the last matter separate." Without any objection from defendant, the court proceeded to conduct the sentencing hearing.
 {¶ 6} Det. Riley testified that his investigation, which did not include all of the pending charges against defendant, involved 12 different victims. Many of the victims testified at the sentencing hearing as to how defendant's crimes negatively impacted their lives and families. Several of the victims also detailed the financial losses they suffered as a result of defendant's crimes. The victims consistently petitioned the court to impose maximum, consecutive sentences upon defendant.
 {¶ 7} The court sentenced defendant as follows: seven years in Case No. CR-469153 to be served consecutive to four years in Case No. CR-477495, both to be served consecutively to a 46-year prison sentence in Case No. CR-479778.
 {¶ 8} The instant appeal presents four assignments of error, which will be addressed together where appropriate.
 {¶ 9} "I. It was prejudicial error for the court to fail to rule on appellant's motion to withdraw his pleas prior to sentencing.
 {¶ 10} "II. It was prejudicial error for the court not to allow appellant to withdraw his pleas." *Page 5 
 {¶ 11} The first two assignments of error contend that the trial court erred by denying defendant's oral motion to withdraw his guilty plea. Although defendant initially made an oral motion to withdraw his guilty pleas, he later, through his attorney, abandoned that intent. After defendant consulted with his attorney, defense counsel stated, "Your Honor, [defendant] now understands that the prior pleas have been entered. He wishes to keep those, and, I believe then keep the last matter separate." Because defendant abandoned his oral motion to withdraw his guilty pleas on the record, these assignments of error are without merit and overruled.
 {¶ 12} "III. It was prejudicial error to accept appellant's pleas which were not knowingly and intelligently made."
 {¶ 13} In determining whether to accept a no contest or guilty plea, the trial court must determine whether the defendant has knowingly, intelligently, and voluntarily entered the plea. Crim.R. 11(C);State v. Johnson (1988), 40 Ohio St.3d 130. To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R.11(C). Crim.R. 11(C)(2)(a) requires the trial court explain to a defendant, before it accepts the defendant's plea, "the nature of the charge and of the maximum penalty involved." Johnson, supra at 133. This Court has consistently held that a defendant must know the maximum penalty involved before the trial court *Page 6 
may accept his guilty plea. State v. Corbin, 141 Ohio App.3d 381,386-387, 2001-Ohio-4140; State v. Gibson (1986), 34 Ohio App.3d 146;State v. Long, Cuyahoga App. No. 87721, 2006-Ohio-6272.
 {¶ 14} Defendant contends that the trial court accepted his guilty pleas in error and in violation of Crim.R. 11(C)(2)(a) because he was not informed that individual sentences could be run consecutively. Failure to advise a defendant that sentences may be imposed consecutively is not a violation of Crim.R. 11(C). State v.Jackson, Cuyahoga App. No. 86506, 2006-Ohio-3165, ¶ 11, citing State v.Johnson (1988), 40 Ohio St.3d 130. Rather, "the language in Crim.R. 11(C) refers to the maximum penalty for each individual charge to which the defendant is pleading, not to the cumulative total of all sentences received for all charges." Id.
 {¶ 15} A review of the transcript indicates that the trial judge who accepted defendant's guilty pleas first informed him of the maximum penalty for each individual charge. Specifically, the trial judge told defendant "each count carries with it separately — each felony three carries with it separately a maximum penalty from one up to five years * * *. That is each count separately in prison. The trial judge also explained that as to second degree felonies "each one carries with it, separately, a maximum penalty of from two up to eight years in prison in yearly increments * * *." Applying the law to the facts here, the trial court did not violate Crim.R. 11(C)(2)(a) because the trial judge informed defendant of the maximum penalty for each *Page 7 
individual charge before he pled guilty to them. This assignment of error is overruled.
 {¶ 16} "IV. The court erred by imposing a financial sanction without considering appellant's present and future ability to pay."
 {¶ 17} Defendant challenges that the trial court imposed financial sanctions in violation of R.C. 2929.32 and R.C. 2929.19(B)(6). Although the sentencing transcript reflects the court's intent to require defendant pay various amounts of restitution to certain victims, the sentencing journal entries do not reflect this sanction. Given the discrepancy between the court's oral pronouncements at sentencing and the terms set forth in the sentencing journal entries, we remand this case to the trial court for clarification on this issue. It is, therefore, premature to address the merits of the imposition of restitution until such time as it can be determined whether defendant's sentence even includes restitution.
 {¶ 18} Accordingly, this assignment of error is sustained to the extent stated.
Judgment affirmed; remanded for clarification.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., CONCURS COLLEEN CONWAY COONEY, J., CONCURS IN PART AND DISSENTS IN PART