{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the trial court's judgment granting the motion for expungement filed by defendant-appellee, Mark Rogers. We affirm.
 {¶ 2} In July 1982, Rogers was convicted of a weapons charge. The trial court suspended his prison sentence, placed him on two years of probation, and assessed court costs.
 {¶ 3} In May 2006, Rogers filed a motion for the expungement of his criminal record, which the State opposed. The trial court subsequently granted the motion. The court's journal entry stated:
 {¶ 4} "Defendant's motion for expungement of record is granted. Defendant's 5/19/06 motion is opposed by the State of Ohio in its 7/31/06 brief in opposition and the parties waive oral hearing. Thus, upon the evidence presented and after due consideration and since the State does not oppose defendant's request, defendant's 5/19/06 motion is hereby granted." (Emphasis added.)
 {¶ 5} Under R.C. 2953.32(B), "[u]pon the filing of the application [for expungment], the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." In its first assignment of error, the State argues that the trial court erred in granting Rogers' motion without first holding a hearing. *Page 4 
 {¶ 6} While this court notes that there is some confusion in the entry as to whether the State opposed the expungement, there is no confusion or inconsistency concerning the waiver of hearing. The journal entry clearly indicates that the State waived the oral hearing. The State did not address this waiver in its appellate brief and when questioned at oral argument, contended that the phrase was "just an error." It goes without citation that if the State waived hearing at the trial level, it cannot assert as error on appeal the failure of the trial court to afford a hearing.
 {¶ 7} State v. Lewis, Cuyahoga App. Nos. 88627, 88628 88629,2007-Ohio-3640, released by this court on July 19, 2007, involved a case where the sentencing transcript indicated that the court had ordered restitution, but the journal entry was silent regarding restitution. The majority, noting the conflict between the transcript and signed journal entry, ordered the matter remanded to the trial court for clarification; it did not try to resolve the discrepancy by finding and declaring the "truth" of the matter. The dissent in Lewis likewise did not try to resolve the discrepancy. It stated, "[a] court speaks through its journal. * * * It was the parties' obligation to review the trial court record during the pendency of the appeal and to seek a correction of the journal entries to conform to the record if necessary * * *." The dissent would have held the parties bound by the journal entry, which did not impose restitution.
 {¶ 8} There is nothing in the record before us to indicate that the trial court's entry that the State waived hearing is an error. The State did not attempt to correct *Page 5 
this "error" (if error it be) by motion under Civ.R. 60(B) before appealing to this court, nor by seeking a correction of the journal entry pursuant to App.R. 9(E), and it is not the prerogative of this court to ignore a journalized finding of a trial court as a "boilerplate mistake" based solely upon the representations of the State at oral argument.
 {¶ 9} Appellant's first assignment of error is therefore overruled.
 {¶ 10} In its second assignment of error, the State argues that the trial court erred in granting Rogers' application because he has a prior conviction that would render him ineligible for expungement of the weapons charge. There is no evidence in the record upon which we might base that conclusion and, accordingly, appellant's second assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 CHRISTINE T. McMONAGLE, JUDGE, ANTHONY O. CALABRESE, JR., J., CONCURS. *Page 6 
COLLEEN CONWAY COONEY, P.J., DISSENTS WITH SEPARATE DISSENTING OPINION.