[Cite as *Cleveland v. Jordan*, 2016-Ohio-4957.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103451**

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# TIFFANY JORDAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2014 TRC 004521

**BEFORE:** Stewart, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 14, 2016

**ATTORNEY FOR APPELLANT**

Timothy J. Kucharski
Richardson & Kucharski Co., L.P.A.
1200 West Third Street, Suite 190
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
City of Cleveland Law Department
601 Lakeside Avenue, Suite 106
Cleveland, OH 44114

Kimberly G. Barnett-Mills
Gina Villa
Assistant City of Cleveland Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Thinking that she was taking a shortcut, defendant-appellant Tiffany Jordan drove her pickup truck off a main road and into a rail yard. She struck a rail, damaging her tire and causing her vehicle to come to rest on railroad tracks. Railroad security discovered Jordan and called the police. Jordan was so unruly that the police could not administer field sobriety tests and, after being transported to the police station, she refused to take a breath test. The police determined that Jordan was intoxicated and charged her under the city's code. The court found Jordan guilty of operating a vehicle under the influence ("OVI"), stopping at a grade crossing, and failure to control. Jordan appeals, raising four assignments of error relating solely to the OVI charge: (1) the court found her guilty of driving under the influence "with a refusal" even though there is no such offense; (2) the court erred by denying her motion for judgment of acquittal; (3) the verdict is against the manifest weight of the evidence; and (4) trial counsel was ineffective for failing to challenge her arrest on grounds that the police had no probable cause to arrest her. We find no error and affirm.

{¶2} Jordan's first assigned error argues that the city charged her with, and the court found her guilty of, committing an offense — driving under the influence "with a refusal" — that does not exist under the Cleveland Codified Ordinances.

{¶3} The police used a uniform traffic ticket to charge Jordan with two offenses for operating a vehicle while under the influence ("OVI"). The first OVI offense was

listed under a box titled "OVI" and charged Jordan with being "under the influence of alcohol/drug of abuse" with a prohibited blood alcohol concentration in violation of Cleveland Codified Ordinances "433.01A1." Under the same charge, the arresting officer checked a box marked "refused," to indicate that Jordan refused to take a breath test. The second OVI offense was listed under a box titled "other offense" and charged Jordan with "OVI-observation" in violation of Cleveland Codified Ordinances "433.01."

{¶4} At the time of her arrest for the offenses charged in this case, Jordan had two prior OVI convictions within the last 20 years. R.C. 4511.19(A)(2) makes it a crime for any person who, within the previous 20 years has been convicted of an OVI offense, to operate any vehicle while under the influence of alcohol or a drug of abuse and refuse to submit to a chemical test. The city's code contains no equivalent law. Cleveland Codified Ordinances 433.01(a) states:

> (a) No person shall operate any vehicle, streetcar, or trackless trolley within this City, if, at the time of the operation, any of the following apply:
>
> (1) The person is under the influence of alcohol, a drug of abuse, or a combination of them;
>
> (2) The person has a concentration of eight-hundredths of one per cent (0.08%) or more but less than seventeen-hundredths of one per cent (0.17%) by weight per unit volume of alcohol in the person's whole blood;
>
> (3) The person has a concentration of ninety-six thousandths of one percent (0.096%) or more but less than two hundred four-thousandths of one per cent (0.204%) by weight per unit volume of alcohol in the person's blood serum or plasma;
>
> (4) The person has a concentration of eight-hundredths of one (0.08) gram or more but less than seventeen-hundredths of one (0.17) gram by weight of alcohol per two hundred ten (210) liters of the person's breath;

(5) The person has a concentration of eleven-hundredths of one (0.11) gram or more but less than two hundred thirty-eight-thousandths of one (0.238) gram by weight of alcohol per one hundred (100) milliliters of the person's urine;

(6) The person has a concentration of seventeen-hundredths of one per cent (0.17%) or more by weight per unit volume of alcohol in the person's whole blood;

(7) The person has a concentration of two hundred four-thousandths of one per cent (0.204%) or more by weight per unit volume of alcohol in the person's blood serum or plasma;

(8) The person has a concentration of seventeen-hundredths of one (0.17) gram or more by weight of alcohol per two hundred ten (210) liters of the person's breath;

(9) The person has a concentration of two hundred thirty-eight-thousandths of one (0.238) gram or more by weight of alcohol per one hundred (100) milliliters of the person's urine.

{¶5} With the city having no offense equivalent to R.C. 4511.19(A)(2), Jordan argues that she was charged twice for committing one OVI offense and that the court's verdict is inherently contradictory because it found her both guilty and not guilty of the same OVI offense.

{¶6} Jordan assigns too much weight to the word "refusal" as written on the ticket. The court stated its verdict in open court as: "The Driving Under the Influence observation, not guilty. The Driving Under the Influence for refusal, guilty." The journal entry memorializing the conviction, however, deleted the reference to "refusal" in the second charge and stated the court's verdict as: "1. M1 - 433.01A1 Dr. Under Influence ALC/Drugs * * * NG" and "2. M1 - 433.01 Driving Under the Influence

AL/DR * * * G." Because the court speaks through its journal entries, *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12, we can only conclude that the court did not find Jordan guilty of any refusal to take a breath test. The ticket was not entirely clear, but the use of the word "refusal" on the traffic ticket appeared to be a benign notation to show that Jordan refused to take a breath test.

{¶7} Our conclusion is reinforced by the fact that the parties did not try the case under a theory that Jordan could be found guilty of the R.C. 4511.19(A)(2) offense of refusing to take a breath test. Even though the ticket issued to Jordan did not list a specific subsection of Section 433.01 for the second OVI charge, "[a] Uniform Traffic Ticket effectively charges an offense even if the defendant has to make some reasonable inquiry in order to know exactly what offense is charged." *Barberton v. O'Connor*, 17 Ohio St.3d 218, 220, 478 N.E.2d 803 (1985), paragraph two of the syllabus. Jordan demanded that the city provide her with a bill of particulars, but she made no pretrial objection to the form of the ticket, nor did she raise the issue at trial. The traffic ticket's reference to Section 433.01 was enough to inform Jordan that she was charged with operating a vehicle while under the influence of alcohol or a drug of abuse, and the court's judgment entry is sufficient to indicate that it found her guilty of operating a vehicle while under the influence.

{¶8} Admittedly, our conclusion means that the city charged Jordan with committing the same offense twice. A redundant charge would have been subject to pretrial dismissal or a Crim.R. 29(A) motion for judgment of acquittal. Jordan did not

ask the court to resolve the redundant charge on either basis. So the court disposed of the redundant OVI count by finding Jordan not guilty of one and guilty of the other. It would have been accurate for the court to dismiss the redundant count, but a not guilty finding served the same purpose.

{¶9} The second assignment of error complains that the court erred by denying her Crim.R. 29(A) motion for judgment of acquittal made at the close of the city's case-in-chief on grounds that there was insufficient evidence to prove the OVI charge. Jordan argues that the city offered no evidence to prove that she was operating the vehicle.

{¶10} A Crim.R. 29(A) motion for judgment of acquittal cannot be granted if, after viewing the evidence most favorably to the city, "reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus.

{¶11} It is true that neither of the city's witnesses — the police officers who responded to the scene — gave direct evidence of Jordan operating her vehicle. They did, however, offer circumstantial evidence that she had been driving the vehicle.

{¶12} "Circumstantial evidence is defined as 'testimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved.'" *State v. Nicely*, 39 Ohio St.3d 147, 150, 529 N.E.2d 1236 (1988), quoting *Black's Law Dictionary*

221 (5th Ed.1979). There is no difference, at least in terms of probative value, between circumstantial evidence and direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus.

{¶13} The police officer who issued the traffic ticket testified that he arrived at the rail yard and saw Jordan sitting in the driver's seat of a pickup truck that was "stuck" on the railroad tracks. The officer saw no one else with Jordan nor did she indicate that she had not been driving. Viewing this circumstantial evidence most favorably for the city, a rational trier of fact could find that Jordan was operating the vehicle, thus establishing that element of an OVI offense under Cleveland Codified Ordinances 443.01.

{¶14} In her third assignment of error, Jordan maintains that the court's verdict is against the manifest weight of the evidence. She argues that the court found her guilty of an offense relating to a refusal to take a breath test without the city offering any evidence to prove that she had a prior OVI conviction within the last 20 years. We reject this contention consistent with our rejection of Jordan's first assignment of error and her claim that the court found her guilty for refusing to take a breath test. As indicated, the court's judgment entry did not state that it found Jordan guilty of any refusal offense — it found her guilty of an OVI. Whether or not the city offered evidence to show that Jordan had committed an OVI offense within the previous 20 years is immaterial.

{¶15} The remaining part of Jordan's argument under this assignment of error — that the police officer failed to offer compelling evidence of Jordan's intoxication — is equally without merit. Two police officers testified at trial and both very firmly stated

that Jordan smelled of alcohol and that she was "staggering" when brought to the police station. The influence of this alcohol on her ability to drive was shown by her attempt to maneuver her vehicle through one of the busiest, working railyards in the city and then grounding the vehicle on a rail. Instead of abandoning her vehicle for safety, Jordan tried to call a tow truck. In addition to the manner in which she drove her vehicle, Jordan, by her own admission, acted belligerently in her encounter with the police. Jordan conceded that she was "very rude" to the officers and that for most of her encounter with the police she was yelling "as loud as possibly [sic] I could go." In fact, Jordan was so belligerent that the police could not perform field sobriety tests.

{¶16} Jordan testified and admitted driving the truck. She denied being intoxicated and claimed that she was driving home from a friend's house, made a wrong turn, and found herself stranded on the railroad tracks. She admitted that she was belligerent and uncooperative with the police both at the time of stop and when transported to the police station. This belligerence was a fact that the court could have considered, along with evidence that Jordan stalled her vehicle on tracks in a busy railyard, smelled of alcohol, and staggered and stumbled when taken to the police station, as proof that she was under the influence of alcohol. *State v. Hill*, 9th Dist. Summit No. 26519, 2013-Ohio-4022, ¶ 14.

{¶17} The fourth assigned error complains that Jordan was denied her Sixth Amendment right to the effective assistance of counsel because counsel failed to file a

motion to suppress evidence on grounds that the police had no probable cause to arrest her for OVI and because counsel decided to have Jordan testify in her own defense.

**{¶18}** A defendant claiming ineffective assistance of counsel bears the burden of establishing two elements: (1) that trial counsel's performance fell below objective standards for reasonably effective representation, and (2) that counsel's deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶19}** The failure to file a motion to suppress constitutes ineffective assistance of counsel only when the record demonstrates that the motion would have been successful if made. *State v. Moon*, 8th Dist. Cuyahoga No. 101972, 2015-Ohio-1550, ¶ 28; *State v. Anderson*, 8th Dist. Cuyahoga No. 100090, 2014-Ohio-1831, ¶ 21. As previously detailed, Jordan's poor driving, the odor of alcohol, her inability to walk, and her belligerent manner were all indicia of her being under the influence of alcohol. *Chagrin Falls v. Bloom*, 8th Dist. Cuyahoga No. 101686, 2015-Ohio-2264, ¶ 7.

**{¶20}** As for Jordan's argument that counsel failed to provide effective assistance of counsel by calling her as a witness, that was a matter of trial strategy that we cannot second-guess on appeal. *State v. Treesh*, 90 Ohio St.3d 460, 490, 739 N.E.2d 749 (2001). In any event, Jordan does not say how her own testimony prejudiced her apart from admitting that she was driving the vehicle. The circumstantial evidence that the police found Jordan alone in the vehicle, sitting in the driver's seat, was enough from which the court could conclude that she operated the vehicle. Even if she had not

testified at trial, there is no reasonable probability that the court would have concluded that she was not driving the vehicle.

**{¶21}**  Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)

EILEEN T. GALLAGHER, J., DISSENTING:

**{¶22}**  I respectfully dissent.  I find the court's final judgment ambiguous because it conflicts with the findings the court made in open court and on the record. Accordingly, I would remand this case to the trial court for clarification of its judgment.

**{¶23}** As stated by the majority, a court speaks through its journal.  *Miller*, 127 Ohio St.3d 407, 2010-Ohio-5707, 940 N.E.2d 924, ¶ 12.  However, depending on the type of discrepancy, the court may correct the journal entry to reflect what actually

occurred in open court with a nunc pro tunc entry. *State v. Jama*, 189 Ohio App.3d 687, 2010-Ohio-4739, 939 N.E.2d 1309, ¶ 14 (10th Dist.).

**{¶24}** In this case, the court stated on the record that it found Jordan not guilty of OVI by observation, in violation of Cleveland Codified Ordinances 433.01(a)(1), but guilty of OVI by refusal, which is not a crime under the Cleveland Codified Ordinances. However, the court's corrected journal entry does not mention the word "refusal," it indicates the court found Jordan guilty of OVI, in violation of Cleveland Codified Ordinances 433.01(a)(1). This is not the type of error that may be corrected with a nunc pro tunc journal entry. *Jama* at ¶ 14 ("[N]unc pro tunc shall not be used to modify a court's judgment"). We should not assume what the court actually determined on a substantive issue such as a guilty finding, when the finding in the journal entry conflicts with the court's oral pronouncement of guilt in open court.

**{¶25}** In *State v. Lewis*, 8th Dist. Cuyahoga Nos. 88627, 88628, and 88629, 2007-Ohio-3640, a sentencing transcript indicated the court had ordered restitution, but the journal entry was silent regarding restitution. Noting the conflict between the transcript and signed journal entry, this court remanded the case to the trial court for clarification. *Id*. at ¶ 17. The *Lewis* court "did not try to resolve the discrepancy by finding and declaring the 'truth' of the matter." *State v. Rogers*, 8th Dist. Cuyahoga No. 88755, 2007-Ohio-4058, ¶ 7.

**{¶26}** One could reasonably infer the trial court intended to find Jordan guilty of OVI in violation of Cleveland Codified Ordinances 433.01(a)(1) based on the

overwhelming evidence regarding her intoxicated condition at the time of her arrest. However, without clarification, we are left guessing what the trial court actually found, and we should not make any presumptions about a defendant's guilt. Therefore, I would follow this court's precedent in *Lewis*, and remand the case to the trial court for clarification.