[Cite as *State v. Jackson*, 2022-Ohio-2254.]

STATE OF OHIO      )
                    )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

| STATE OF OHIO | C.A. No. 30145 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| HEAVEN JACKSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2020-03-0783 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2022

HENSAL, Presiding Judge.

{¶1} Heaven Jackson appeals her conviction from the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On March 31, 2020, a grand jury indicted Ms. Jackson on one count of carrying a concealed weapon and one count of obstructing official business. The charges stemmed from an incident wherein someone called the police because they saw a person in a red sweatsuit walking around with a gun. The police saw someone who met that description, so they approached her while she was standing near a gas station. That person was Ms. Jackson, but she refused to give the police her name. According to an officer, the gun was tucked into Ms. Jackson's waistband with the butt of the gun visible. That officer testified that Ms. Jackson was uncooperative and that she reached toward her waistband, which made him feel in danger. The police arrested Ms. Jackson at the scene. Upon later discovering Ms. Jackson's name, the police learned that Ms.

Jackson had a prior juvenile adjudication for felonious assault, which prevented her from having a firearm.

{¶3} Ms. Jackson obtained counsel, but her counsel withdrew from the case on the basis that she could no longer effectively communicate with Ms. Jackson. The trial court then appointed Ms. Jackson new counsel. While the docket is not clear, it appears that Ms. Jackson's appointed counsel withdrew from the case after Ms. Jackson retained counsel.

{¶4} On July 23, 2020, the State filed a supplemental indictment charging Ms. Jackson with one count of having weapons while under disability in violation of Revised Code Section 2923.13(A)(2). Ms. Jackson's counsel filed a motion to suppress, arguing that the stop and arrest were illegal because she was openly carrying the firearm and, at the time of the stop, the police did not know about the felony juvenile adjudication that prevented her from having a firearm. She, therefore, argued that all of the evidence gained by the illegal stop and arrest should be suppressed. The State opposed Ms. Jackson's motion.

{¶5} The trial court held a suppression hearing on September 30, 2020. Ms. Jackson attended that hearing with her counsel via videoconference. During the hearing, Ms. Jackson's counsel withdrew the motion to suppress.

{¶6} The trial court then set the matter for a status hearing on October 21, 2020. According to a journal entry dated October 20, 2020, Ms. Jackson requested that the October 21, 2020, status conference be cancelled, which the trial court granted. In the same entry, the trial court set the matter for a jury trial on February 11, 2021. The trial court later converted the jury trial set for February 11, 2021, into a status conference. It then continued the status conference until March 18, 2021.

{¶7} Ten days before the scheduled status conference, Ms. Jackson's trial counsel filed a motion to withdraw as counsel based upon his inability to effectively communicate with Ms. Jackson and her desire to proceed pro se. Ms. Jackson's counsel did not re-file the previously withdrawn motion to suppress prior to his withdrawal as counsel, and Ms. Jackson never filed a pro se motion to suppress prior to trial. The matter then proceeded to a jury trial in July 2021, at which Ms. Jackson chose to proceed pro se.

{¶8} Prior to the start of trial, the State dismissed the counts for carrying a concealed weapon and obstructing official business in order to "streamline" the issues for trial. The only charge that remained was the charge for having a weapon while under disability.

{¶9} Outside of the presence of the jury, the parties discussed the fact that Ms. Jackson had withdrawn her motion to suppress and, accordingly, she could not raise the issue of the constitutionality of the stop and arrest during trial. Ms. Jackson indicated that her prior counsel told her that the motion was denied, not withdrawn. The trial court reminded Ms. Jackson that she was present at the suppression hearing wherein her counsel withdrew the motion to suppress. Ms. Jackson expressed confusion over the withdrawal of that motion, as well as the consequences it had for the trial. The trial court reminded Ms. Jackson that she was offered appointed counsel, but Ms. Jackson insisted on proceeding pro se. Ms. Jackson did, however, accept the trial court's offer for a stand-by attorney to answer her legal questions during the course of the trial.

{¶10} At trial, the State presented evidence indicating that Ms. Jackson was carrying a firearm in her waistband when the police stopped her, and that she had a prior felony juvenile adjudication that prevented her from having a firearm.

{¶11} Ms. Jackson then testified on her own behalf. Over an objection, Ms. Jackson testified that the police stop was unconstitutional, and that she did not know her juvenile

adjudication carried a weapons disability. During the State's cross-examination, Ms. Jackson admitted that she had been carrying a firearm on the day of the incident.

{¶12} The jury returned a verdict of guilty. The trial court then ordered a pre-sentence investigation and appointed Ms. Jackson an attorney for purposes of sentencing and appeal. That attorney represented Ms. Jackson at her sentencing hearing, but Ms. Jackson has pursued her appeal pro se. Ms. Jackson raises one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION FOR WEAPONS UNDER DISABILITY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION.

{¶13} In her assignment of error, Ms. Jackson argues that her conviction was against the manifest weight of the evidence. While captioned as a challenge to the manifest weight of the evidence, she raises several sub-arguments, some of which are unrelated to the weight of the evidence. In the interest of justice, this Court will address each argument in turn.

{¶14} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 9th Dist. Summit No. 29290, 2019-Ohio-3970, ¶ 26.

{¶15} Section 2923.13(A)(2), under which Ms. Jackson was convicted, provides that no person shall knowingly carry a firearm if the person "has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence." Here, Ms. Jackson had a juvenile adjudication for felonious assault. For purposes of Section 2923.13(A)(2), "a defendant need only have knowledge as to the possession element of the offense and not knowledge of a disability." *State v. Gatewood*, 1st Dist. Hamilton No. C-190654, 2021-Ohio-3325, ¶ 22, quoting *State v. Earls*, 1st Dist. Hamilton No. C-040141, 2004-Ohio-6432, 9; *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, ¶ 43. We now turn to Ms. Jackson's arguments.

{¶16} First, Ms. Jackson argues that her conviction was against the manifest weight of the evidence because the evidence did not establish that she concealed her firearm, or that she intended to hamper or impede the officer's duties. The State, however, dismissed the charges for carrying a concealed weapon and obstructing official business prior to trial. At trial, the State presented evidence indicating that Ms. Jackson was carrying a firearm. That fact was not in dispute at trial and remains undisputed on appeal. The State also presented evidence indicating that Ms. Jackson had a prior felony juvenile adjudication. That fact was likewise not in dispute at trial and remains undisputed on appeal. Ms. Jackson's argument regarding the weight of the evidence relative to the dismissed charges does not establish that her conviction for having weapons while under disability was against the manifest weight of the evidence. Accordingly, her argument in this regard lacks merit.

{¶17} Second, Ms. Jackson argues that her conviction for having weapons while under a disability was against the manifest weight of the evidence because the officer who testified on behalf of the State lied at trial. Specifically, she argues that the officer lied when he testified that

he discovered Ms. Jackson's weapons disability at the time of her arrest. Had he discovered the disability at the time of the arrest, she argues, she would have been charged with that offense from the beginning, instead of being charged with it later through a supplemental indictment.

{¶18} At trial, the officer testified that he did not learn Ms. Jackson's name until she was in the police cruiser. He then testified that a criminal background check was "eventually" done, which is when he discovered her prior felony juvenile adjudication. Moreover, as previously noted, the undisputed evidence at trial indicated that Ms. Jackson was carrying a firearm and that she had a prior felony juvenile adjudication. The fact that the State did not initially charge Ms. Jackson with having weapons while under disability does not render her conviction against the manifest weight of the evidence.

{¶19} Third, Ms. Jackson argues that her conviction for having weapons while under a disability was against the manifest weight of the evidence because there was no probable cause for the stop and arrest. Any challenge to the constitutionality of the stop and arrest, however, was required to be raised in a pre-trial motion to suppress. *City of Columbus v. Cort*, 10th Dist. Franklin No. 19AP-425, 2020-Ohio-1467, ¶ 12 ("[A]ppellant waived the right to raise any challenge to the constitutionality of the search and seizure on appeal by failing to file a pretrial motion to suppress."); Crim.R. 12(C) and (H). While the record indicates that Ms. Jackson's trial counsel filed a motion to suppress, it was later withdrawn. After that, Ms. Jackson proceeded pro se and did not re-file her motion to suppress. Ms. Jackson, therefore, has waived any argument regarding the constitutionality of the stop and arrest on appeal. *Cort* at ¶ 12.

{¶20} Fourth, Ms. Jackson again argues that her conviction for having weapons while under a disability was against the manifest weight of the evidence because there was no probable

cause for her stop and arrest. She also argues, however, that any evidence obtained as a result of the stop and arrest should have been excluded as evidence at trial.

{¶21} Criminal Rule 12(C)(3) provides that a motion to suppress based upon illegally obtained evidence must be raised prior to trial. Absent a showing of good cause, the failure to do so results in a waiver of that issue. Crim.R. 12(H). As previously noted, Ms. Jackson did not re-file her motion to suppress prior to trial. She has not argued that good cause existed for her failure to do so and, therefore, has waived that issue. *Id.*

{¶22} Fifth, Ms. Jackson argues that her conviction for having weapons while under a disability was against the manifest weight of the evidence because she received ineffective assistance of counsel. Ms. Jackson's argument is premised upon her counsel's performance in relation to the withdrawn motion to suppress. She argues that the withdrawal of that motion resulted in inadmissible evidence being used at trial, which resulted in the guilty verdict.

{¶23} To prevail on a claim of ineffective assistance of counsel, Ms. Jackson must establish that: (1) her counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). To establish prejudice, Ms. Jackson must show that there existed a reasonable probability that, but for her counsel's errors,

the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶24} "Failing to file a motion to suppress does not constitute ineffective assistance of counsel per se." *State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, ¶ 65. As this Court has stated, "[c]ounsel's decision not to file a motion to suppress may be a matter of trial strategy, including counsel's reasonable assessment of whether such a motion is likely to succeed and recognition that filing a motion to suppress has risks." *State v. Kendall*, 9th Dist. Summit No. 25721, 2012-Ohio-1172, ¶ 7. "To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question. *Brown* at ¶ 65." Furthermore, in order to satisfy the prejudice prong of the *Strickland* test, a defendant must demonstrate that there was a reasonable probability that the motion to suppress would have been granted. *Kendall* at ¶ 7.

{¶25} Here, Ms. Jackson's third counsel filed a motion to suppress and then later withdrew it. Several months later, in March 2021, that same counsel withdrew as counsel based upon his inability to effectively communicate with Ms. Jackson and her desire to proceed pro se. The matter then proceeded to a jury trial in July 2021. At no point did Ms. Jackson re-file her motion to suppress prior to trial. While Ms. Jackson later expressed confusion as to whether her previously filed motion to suppress had been denied or withdrawn, she was present at the suppression hearing wherein her counsel withdrew the motion, and the withdrawal was journalized in a journal entry the following day. *See State v. Daniels*, 9th Dist. Wayne No. 17AP0036, 2020-Ohio-1176, ¶ 5, quoting *State v. Goldshtein*, 9th Dist. Summit No. 25700, 2012-Ohio-246, ¶ 6 ("[A] pro se litigant is presumed to have knowledge of the law and correct legal procedures so that [s]he remains subject to the same rules and procedures to which represented litigants are bound.").

**{¶26}** On appeal, Ms. Jackson has not demonstrated that there was a reasonable probability that the motion to suppress would have been granted, nor has she explained her failure to re-file the motion in the months prior to trial while she was proceeding pro se. This Court, therefore, concludes that Ms. Jackson's argument lacks merit.

**{¶27}** Having reviewed the record and the arguments presented, this Court concludes that Ms. Jackson has not established error on appeal. Ms. Jackson's assignment of error is overruled.

III.

**{¶28}** Ms. Jackson's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

HEAVEN L. JACKSON, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.