[Cite as *State v. Seals*, 2022-Ohio-4143.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 21CA011748 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SHELBY SEALS | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 20TRC00858 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2022

CARR, Presiding Judge.

**{¶1}** Defendant-Appellant Shelby Seals appeals the judgment of the Oberlin Municipal Court. This Court affirms.

I.

**{¶2}** Following a traffic stop around 2:30 a.m. on February 29, 2020, Seals was charged, in two separate cases that were heard together, with violating R.C. 4511.19(A)(1)(a), R.C. 2925.141, Codified Ordinances of the City of Amherst 331.08, and Codified Ordinances of the City of Amherst 331.14. Seals filed a motion to suppress, which was denied following a hearing. However, the trial court did conclude that the portable breath test results were not admissible.

**{¶3}** The matter proceeded to a bench trial. The trial court found Seals guilty of violating R.C. 4511.19(A)(1)(a) and Codified Ordinances of the City of Amherst 331.14 and not guilty of violating R.C. 2925.141 and Codified Ordinances of the City of Amherst 331.08. Seals was thereafter sentenced.

**{¶4}** She has appealed, raising a single assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

A CONVICTION FOR OPERATING A VEHICLE UNDER THE INFLUENCE IN VIOLATION OF []R.C. 4511.19(A)(1)(A) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶5}** In her sole assignment of error, Seals argues that her conviction for violating R.C. 4511.19(A)(1)(a) is against the manifest weight of the evidence. In so doing, Seals appears to challenge the traffic stop as well.

**{¶6}** As to any issues related to the traffic stop, this Court has concluded that "[a]ny challenge to the constitutionality of the stop and arrest * * * [are] required to be raised in a pre-trial motion to suppress." *State v. Jackson*, 9th Dist. Summit No. 30145, 2022-Ohio-2254, ¶ 19. While Seals did file a motion to suppress, she has not directly challenged the trial court's ruling in this appeal as she has not set forth any assignments of error directed at that ruling.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

**{¶7}** "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the fact[-]finder's resolution of the conflicting testimony." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). An appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe

all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20. "This Court will not overturn a conviction on a manifest weight challenge only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id.*

**{¶8}** R.C. 4511.19(A)(1)(a) provides that "[n]o person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." "[I]n drunk driving prosecution, the state does not have to prove actual impaired driving; rather, it need only show an impaired driving ability." *State v. Wilson*, 9th Dist. Lorain No. 12CA010263, 2014-Ohio-3182, ¶ 15, quoting *State v. Zentner*, 9th Dist. Wayne No. 02CA0040, 2003-Ohio-2352, ¶ 19. "To prove impaired driving ability, the state can rely on physiological factors (e.g., odor of alcohol, glossy or bloodshot eyes, slurred speech, confused appearance) to demonstrate that a person's physical and mental ability to drive was impaired." *Wilson* at ¶ 15, quoting *State v. Peters*, 9th Dist. Wayne No. 08CA0009, 2008-Ohio-6940, ¶ 5, quoting *State v. Holland*, 11th Dist. Portage No. 98-0066, 1999 WL 1313665, *5 (Dec. 17, 1999).

**{¶9}** Here, the only witness to testify at trial was Sergeant Jacob Perez of the Amherst Police Department. His dash camera recording was also admitted into evidence. At the time of trial, Sergeant Perez had been employed as a police officer for 22 years. He estimated that he had been involved in around 600 arrests related to operating a vehicle under the influence. Sergeant Perez indicated that signs of alcohol impairment include the odor of an intoxicating beverage, glassy eyes, slurred speech, being unsteady on one's feet, and issues with motor skills.

**{¶10}** Around 2:30 a.m. on February 29, 2020, Sergeant Perez encountered Seals' vehicle pulling out from a parking spot near Cedar Pub. The back windshield of Seals' vehicle was

covered with snow. The streets also had varying amounts of snow on them, and it was snowing at the time. Sergeant Perez proceeded to follow the vehicle in his marked cruiser. He observed that the driver failed to use a turn signal before turning right. While not discussed during the testimony, the video also reveals that, later in the footage, the vehicle stopped well beyond the marked line and sign indicating where to stop for a traffic light. Shortly thereafter, Sergeant Perez turned on his overhead lights and Seals' vehicle promptly stopped.

{¶11} When Sergeant Perez approached the vehicle, he noted a strong odor of alcohol emanating from the vehicle and that Seals' eyes were glassy. In addition to the driver, Seals, the vehicle also contained a passenger whom Sergeant Perez described as being highly intoxicated. When Sergeant Perez explained the basis for the stop, Seals disputed that she failed to use her turn signal; however, the video supports the officer's testimony. Seals then admitted to having one drink when she got off of work.

{¶12} Sergeant Perez asked Seals to step out of the vehicle and Seals wanted to know the reason why. When Seals exited the vehicle, she again indicated that she had only had one drink. Once Seals was out of the vehicle, Sergeant Perez noticed the odor of an "intoxicant beverage" emanating from her person.

{¶13} Sergeant Perez next had Seals perform three non-standardized field sobriety tests. One of the tests was touching her finger to her nose. With respect to that test, Sergeant Perez stated that Seals on two occasions touched her upper lip instead of her nose, that her body was swaying slightly during part of the test, and that, at one point, she started to use the wrong finger. From the video, it is difficult to confirm or reject some of the officer's observations.

{¶14} Next, Sergeant Perez asked Seals to recite the alphabet from the letter E to V. Seals failed on both attempts to complete the proper sequence of letters. Sergeant Perez then had her

perform a walk-and-turn test. Sergeant Perez testified that none of the steps were heel-to-toe, she took one too many steps the one direction, and also slightly stumbled when turning. Again, the video fails to capture most of the detail the officer described. After the completion of the tests, Seals again affirmed that she had only had one drink.

{¶15} Following the portable breath test, Seals admitted that she had more than one drink, stating that she at most had three drinks. She also admitted to meeting the passenger at a bar. Seals was arrested and placed in the back of the cruiser. While Seals was in the back of the cruiser, she repeatedly berated and insulted the officer using offensive and profane language. When she arrived at the station, she refused to take a breath test.

{¶16} After independently reviewing the record, we cannot say that Seals has demonstrated her conviction for violating R.C. 4511.19(A)(1)(a) is against the manifest weight of the evidence. Here, there was evidence presented that Seals had an odor of alcohol emanating from her person, had glassy eyes, had consumed possibly three drinks, and was seen leaving the area of a bar around 2:30 a.m. In addition, the officer's observations of Seals during the non-standard field sobriety testing were presented and notably included that Seals had difficulty reciting the alphabet. Further, Seals provided inconsistent statements to the officer as to how much alcohol she consumed; at first informing the officer that she only had one drink, only to later admit that at most she had had three drinks. Finally, the dash camera footage included Seals' behavior once she was arrested and placed in the police cruiser. Seals repeatedly berated and insulted the officer using profane and offensive language. *See State v. Coleman*, 12th Dist. Butler No. CA2017-02-023, 2017-Ohio-8036, ¶ 33 (noting belligerent behavior can be consistent with being under the influence of alcohol); *see also Cleveland v. Jordan*, 8th Dist. Cuyahoga No. 103451, 2016-Ohio-4957, ¶ 16. This Court has stated that, "[i]n determining whether a defendant was

under the influence of alcohol, [a] [trier of fact] may properly consider evidence of [the defendant's] appearance and behavior, including [the defendant's] ability to perceive, make judgments, coordinate movements, and safely operate a vehicle." *State v. Davis*, 9th Dist. Summit No. 29273, 2020-Ohio-473, ¶ 33. Given the record before us, and the argument of Seals, we cannot say that she has demonstrated that her conviction is against the weight of the evidence.

{¶17} Seals' assignment of error is overruled.

### III.

{¶18} Seals' assignment of error is overruled. The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

JASON S. HARLESS, Attorney at Law, for Appellant.

PATRICK WARD, Prosecuting Attorney, for Appellee.