[Cite as *State v. Stefan*, 2018-Ohio-3493.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104979**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**GREGORY PETER STEFAN**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-15-600196-A
Application for Reopening
Motion No. 517037

**RELEASE DATE:** August 24, 2018

**ATTORNEY FOR APPELLANT**

Gregory P. Stefan, pro se
Inmate No. A690081
Lake Erie Correctional Institution
P.O. Box 8000
Conneaut, Ohio   44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Amy Venesile
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

ANITA LASTER MAYS, J.:

{¶1} On April 25, 2018, the applicant, Gregory Stefan, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Stefan*, 8th Dist. Cuyahoga No. 104979, 2018-Ohio-266, in which this court affirmed his convictions and sentences for one count of importuning, one count of attempted unlawful sexual conduct with a minor, one count of possession of criminal tools, and five counts of pandering sexually oriented matter involving a minor. Stefan maintains that his appellate counsel should have argued the following: (1) ineffective assistance of trial counsel for not objecting that the state had abrogated the plea agreement, and (2) ineffective assistance of trial counsel for not arguing that the term of imprisonment was contrary to the statute and not supported by the record. The state of Ohio filed its brief in opposition on June 26, 2018. For the following reasons, this court denies the application.

{¶2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶3} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant

must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶6} Appellate review is strictly limited to the record. *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898). Thus, "a reviewing court cannot

add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650, 2001-Ohio-1892, 758 N.E.2d 1130. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." *State v. Burke,* 97 Ohio St.3d 55, 2002-Ohio-5310, 776 N.E.2d 79, ¶ 10.

{¶7} The facts presented at the guilty plea and sentencing hearings showed that Stefan had an 18-year interest in child pornography. This interest had advanced to the point that he was seeking to meet underage girls through the internet. The Ohio Internet Crimes against Children Task Force in a sex-related chat room set up a fictional profile of a 29-year-old mother with a 14-year-old daughter to intercept predators, and the task force intercepted Stefan. On this website, Stefan engaged in sexually explicit conversations with what he believed was a 14-year-old girl and arranged to meet with her to have sex. The task force three times confirmed that he traveled to different locations to hook up with her. On the third time, the task force arrested him. After his arrest and advisement of his Miranda rights, Stefan admitted that he had traveled to have sex with a 14-year-old girl. The execution of a search warrant revealed child pornography on CDs, DVDs, and other electronic devices.

{¶8} The grand jury indicted him on one count of importuning, one count of attempted unlawful sexual conduct with a minor, one count of possessing criminal tools, five counts of second-degree pandering sexually oriented matter involving a minor, and five counts of fourth-degree pandering sexually oriented matter involving a minor. Pursuant to a plea

agreement, the state nolled the five fourth-degree pandering counts and agreed not to charge Stefan on any additional child pornography he possessed. Stefan pleaded guilty to the remaining charges, and the trial court sentenced him to an aggregate 11 years in prison.

{¶9} Stefan now argues that his appellate counsel should have argued ineffective assistance of trial counsel for not arguing that the state abrogated the plea bargain. Stefan maintains that the initial agreement was that if he gave the passwords to all his electronic devices as requested by the state, and if none of those devices were found to contain any child pornography, then the state would nolle the five second-degree counts of pandering. Instead, it nolled the five fourth-degree counts, and Stefan complains that his trial counsel did not object.

{¶10} However, a thorough review of the entire record shows no indication that the state had ever agreed to nolle the second-degree felonies. That includes Stefan stating that he was satisfied with his trial counsel (tr. 31) and admitting that no threats of promises were made in securing the plea (tr. 32). Without some record support, appellate counsel properly rejected this argument.

{¶11} Stefan's second argument is that his trial counsel was ineffective for failing to object to the trial court sentencing him to a term of imprisonment contrary to the statute and where its findings were not supported by the record pursuant to R.C. 2929.14. This argument is meritless. It is a rehashing of his appellate counsel's second assignment of error that the sentence was contrary to law. In fact, at times Stefan uses the identical language that his appellate counsel used. This court examined the argument and rejected it. To the extent that Stefan adds the argument that the trial court failed to make the requisite findings to impose consecutive sentences, the argument is unfounded. The trial court made the necessary findings at the hearing (tr. 75-76) and in the sentencing entry.

{¶12} Accordingly, this court denies the application to reopen.

_____

ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
TIM McCORMACK, J., CONCUR