[Cite as *State v. Knox*, 2019-Ohio-3567.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,       :

                      No. 107414

    v.                        :

MICHAEL KNOX,                     :

    Defendant-Appellant.      :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** September 3, 2019

---

Cuyahoga County Court of Common Pleas
Case No. CR-16-611757-A
Application for Reopening
Motion No. 530102

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Oscar Albores, Assistant Prosecuting Attorney, *for appellee.*

Michael Knox, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1}    Michael Knox timely seeks to reopen his appeal pursuant to App.R. 26(B), claiming that appellate counsel was ineffective for failing to raise a number of issues on appeal.  For the following reasons, the application is denied.

## I.    Background

{¶ 2}    According to Knox, in 2017 he was incarcerated in the state of Michigan when he caused a notice of availability to be sent to officials in Cuyahoga County pursuant to the Interstate Agreement on Detainers ("IAD").   He was subsequently extradited to Ohio to face charges related to the rape of two women that occurred in 1999.  *State v. Knox*, 8th Dist. Cuyahoga No. 107414, 2019-Ohio-1246, ¶ 2.  He was found guilty of numerous counts, but after the merger of allied offenses he was sentenced to 8 years to life for each of two counts of rape — for an aggregate prison term of 16 years to life.  That aggregate term was ordered to be served consecutive to the existing prison sentence he was serving in Michigan.

{¶ 3}    Knox appealed his convictions to this court, raising four assignments of error.  This court overruled each assigned error and affirmed the convictions, but remanded the matter for Knox to be classified as a Tier III sex offender pursuant to a stipulation Knox entered on the record before the trial court.  *Id.* at ¶ 72-73.

{¶ 4}    On June 4, 2019, Knox timely filed an application for reopening.[1]  There, he did not specifically set forth any proposed assignments of error, but did

---

[1] This application was subsequently replaced with one that complied with Loc.App.R. 13.2 on July 10, 2019.

include a number of issues that appellate counsel should have raised in the direct appeal. The state did not respond in opposition.

## II. Standard Applicable to Applications for Reopening

{¶ 5} App.R. 26(B) allows a criminal defendant to assert a claim of ineffective assistance of appellate counsel following the disposition of the direct appeal. The rule states, "[A] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." App.R. 26(B)(1). The rule goes on to provide that "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." A claim of ineffective assistance of appellate counsel is analyzed under the same standard for a claim of ineffective assistance of trial counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 10. Therefore, the applicant must establish that appellate counsel was deficient for failing to raise a claim or issue, and there is a reasonable probability of success had it been raised in the appeal. Further, the applicant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

{¶ 6} The rule further requires the applicant to assert "[o]ne or more assignments of error or arguments in support of assignments of error that previously

were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation[.]" App.R. 26(B)(2)(c). Knox's application fails to set forth any proposed assignments of error. This is sufficient grounds to deny the application. *State v. Lewis*, 8th Dist. Cuyahoga Nos. 88627, 88628, and 88629, 2008-Ohio-679, ¶ 17. However, this court will address the arguments that can be gleaned from the application to the extent that they can be discerned.

### III.    The Interstate Agreement on Detainers

{¶ 7}    R.C. 2963.30 implements the IAD in Ohio. The statute provides one imprisoned in a state (the "holding state") and accused of a crime in another state (the "receiving state") the opportunity to have charges adjudicated in a timely fashion. It provides that once initiated by the prisoner, the receiving state must bring the individual to trial within 180 days of the request. *Id.*, Article III(a).

> Under the prisoner-initiated procedure outlined in the statute, the "warden, commissioner of corrections or other officials having custody of the prisoner" must promptly inform the prisoner of any detainer as well as the prisoner's rights in making a request for final disposition. R.C. 2963.30, Article III(c). The prisoner may then provide a written notice for final disposition to the warden, commissioner of corrections, or other official having custody of him, who must forward it to the "appropriate prosecuting official and court" in the receiving state, that is, the state where the detainer is pending. *Id.*, Article II(c) and III(b). The receiving state must bring the prisoner to trial within 180 days of receiving the prisoner's request for disposition, or the charges will be dismissed with prejudice for good cause shown. *Id.*, Article III(a) and (d). A prisoner invoking the IAD also waives any objection to extradition. *Id.*, Article III(e). Because a prisoner's request under the statute operates as a request for final disposition of any untried indictments on which a detainer from the receiving state is based, the authorities with custody of the prisoner must notify all the prosecuting

officers and courts in the receiving state of any request for final disposition by the prisoner. *Id.*, Article III(d).

*State v. Johnson*, 4th Dist. Scioto No. 16CA3733, 2016-Ohio-7036, ¶ 16, citing *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, 30 N.E.3d 918, ¶ 9.

{¶ 8} An indictment was filed charging Knox with several offenses on November 28, 2016. Knox asserts that he complied with the IAD when he caused a notice of availability to be sent to Cuyahoga County on March 23, 2017. Knox did not point to any evidence in the record to support this, but included attachments to his application that do not indicate where in the record this information can be found. An independent review of the record reveals that the only evidence relating to Knox's IAD claim is an unauthenticated attachment to a pro se motion to dismiss Knox filed early in the case. Knox asserts that this shows he was not brought to trial within 180 days.

{¶ 9} Assuming Knox's assertions about the timing of his notice of availability are accurate, the record indicates that Knox's refusal to accept the delivery of paperwork resulted in significant delay. The IAD provides that when inmates initiate this process they waive any objection to extradition to the receiving state. R.C. 2963.30, Article III(e). Knox did not do so in the present case. The information provided by Knox in support of his IAD claim indicates that Knox refused paperwork that would have resulted in his transportation to Ohio. As a result, Knox had to be extradited to Ohio through Michigan's court system. Knox

sets forth that extradition proceedings were conducted by a Michigan court that did not conclude until October 6, 2017.

{¶ 10} Even whn validly invoked, delay in bringing a defendant to trial caused by defendants tolls the period the receiving state has to bring them to trial.

> IAD speedy trial time tolls in the same manner as time tolls under the Federal Speedy Trial Act, 18 U.S.C. §3161. *U.S. v. Collins* (C.A. 9, 1996), 90 F.3d 1420, 1426-27; *U.S. v. Cephas* (C.A. 2, 1991), 937 F.3d 816, 819, cert. denied, (1992), 502 U.S. 1037, 112 S. Ct. 884, 116 L. Ed. 2d 788; *U.S. v. Odom* (C.A. 4, 1982), 674 F.2d 228, 231, cert. denied, (1982), 457 U.S. 1125, 102 S. Ct. 2946, 73 L. Ed. 2d 1341; *U.S. v. Robinson* (E.D. Mich. 2003), 290 F. Supp.2d 808, 817, aff'd by, *U.S. v. Robinson* (C.A. 6, 2006), 455 F.3d 602; *U.S. v. Ellerbe* (C.A. D.C., 2004), 362 U.S. App. D.C. 95, 372 F.3d 462, 468 (IAD speedy trial time tolls for periods of delay caused by defendant's own actions, including defendant's motions as provided in Speedy Trial Act). *See also, Young v. Mabry* (C.A. 8, 1979), 596 F.2d 339, 343 (IAD speedy trial time tolls when defendant is "legally or administratively" unavailable for trial); *U.S. v. Roy* (C.A. 7, 1987), 830 F.2d 628, 635 (same). Under the Speedy Trial Act, time is tolled for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. 3161(h)(1)(F).

*State v. Golden*, 177 Ohio App.3d 771, 2008-Ohio-3227, 896 N.E.2d 170, ¶ 18 (3d Dist.).

{¶ 11} The delay caused by Knox's refusal to accept service and waive extradition proceedings is properly attributable to him. This tolls the time Ohio had to bring Knox to trial. *Ellerbe* (IAD speedy trial time tolls for periods of delay caused by defendant's own actions, including defendant's motions as provided in Speedy Trial Act); *Mabry* (IAD speedy trial time tolls when defendant is "legally or administratively" unavailable for trial). Knox's IAD calculations set forth in his application fail to account for this tolling.

{¶ 12} Further, Knox's assertions rely on information not contained within the appellate record on appeal.

> Appellate review is strictly limited to the record. *The Warder, Bushnell & Glessner Co. v. Jacobs*, 58 Ohio St. 77, 50 N.E. 97 (1898). Thus, "a reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph one of the syllabus. "Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by the newly added material." *State v. Moore*, 93 Ohio St.3d 649, 650, 2001-Ohio-1892, 758 N.E.2d 1130. "Clearly, declining to raise claims without record support cannot constitute ineffective assistance of appellate counsel." *State v. Burke*, 97 Ohio St.3d 55, 2002-Ohio-5310, 776 N.E.2d 79, ¶ 10.

*State v. Stefan*, 8th Dist. Cuyahoga No. 104979, 2018-Ohio-3493, ¶ 6. Therefore, Knox has not demonstrated that appellate counsel was ineffective for failing to raise this claim in the direct appeal.

### IV.  Preindictment Delay

{¶ 13} Knox claims that appellate counsel was ineffective because Knox was prejudiced by preindictment delay. However, this claim was raised by appellate counsel in the direct appeal. *Knox*, 8th Dist. Cuyahoga No. 107414, 2019-Ohio-1246, at ¶ 31-43. Therefore, counsel may not be deemed ineffective for failing to argue the issue. *State v. Melendez*, 8th Dist. Cuyahoga No. 106994, 2019-Ohio-2212, ¶ 8, citing *State v. Adams*, 146 Ohio St.3d 232, 2016-Ohio-3043, 54 N.E.3d 1227, ¶ 23-24.

{¶ 14} Knox also argues that the delay in prosecution resulted in Knox being denied his constitutional right to confront his accuser because one of the victims,

P.H., had died before trial. This was also addressed on appeal. *Knox* at ¶ 36-40, 63-71. Therefore, this cannot form the basis for reopening.

## V.    Fraudulent Prosecution

{¶ 15} Knox alleges that Ohio fraudulently prosecuted him, but the argument set forth in the application is difficult to follow.

{¶ 16} Knox claims, without citing to specific testimony, that during the hearing on his motion to dismiss for preindictment delay, the state alleged that P.H. identified him in a photo array after P.H. was deceased. The record does not support that claim. The only photo array that was presented in this case was one shown to the other victim, J.S. In fact, testimony at the suppression hearing established that no detective was able to speak with P.H. during the investigation. (Tr. 95.) The argument presented does not set forth a colorable claim of ineffective assistance of appellate counsel.

## VI.    Consecutive Sentences

{¶ 17} Knox asserts that because he was only indicted in one case in Ohio, the trial court could not impose consecutive sentences.

{¶ 18} R.C. 2929.14(C)(4) vests a trial court with discretion to impose sentences consecutively when the court makes the required three findings set forth in the statute. It provides, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively * * *."

{¶ 19} The trial court ordered the two sentences imposed in this case for each count of rape to be served consecutive to each other. Knox ignores provisions of R.C. 2929.14(C)(4) that allows for multiple sentences in the same case to be served consecutively.[2]

{¶ 20} Knox has not demonstrated a colorable claim of ineffective assistance of counsel in this regard.

### VII. Sexually Violent Predator Specification and Sex Offender Classification

{¶ 21} Knox claims that the finding of guilt for a sexually violent predator specification and his sex offender classification constitutes impermissible judicial fact-finding. He claims the jury, not the judge was required to make findings to validly impose either. These claims are belied by the record and law.

{¶ 22} The docket reflects that on April 20, 2018, Knox voluntarily waived trial by jury on the sexually violent predator specifications. That waiver was signed by Knox and filed with the clerk. After the jury trial concluded, the trial court held a bench trial on the specification, which resulted in findings of guilt. Therefore, Knox is incorrect in his assertion that a jury was required to adjudicate the sexually violent predator specifications.

---

[2] If Knox is attempting to assert that the trial court could not impose his Ohio sentences consecutive to his Michigan sentence, the "multiple prison term" language quoted above from R.C. 2929.14(C)(4) has been interpreted to include previously imposed prison terms from other jurisdictions. *State v. Legg*, 4th Dist. Meigs No. 05CA3, 2006-Ohio-194 (dealing with former R.C. 2929.14(E), which contains substantially similar pertinent language to current R.C. 2929.14(C)(4)), citing *State v. Gillman*, 10th Dist. Franklin No. 01AP-662, 2001-Ohio-3968; and *State v. Griffith*, 4th Dist. Ross No. 00CA2583, 2002-Ohio-6142.

{¶ 23} As this court has previously recognized, Knox stipulated to his classification as a Tier III sex offender. *Knox,* 8th Dist. Cuyahoga No. 107414, 2019-Ohio-1246, at ¶ 72. This court remanded the case for the trial court to enter a nunc pro tunc entry classifying Knox as such. Knox's stipulation to his sex offender status means that appellate counsel could not be ineffective for failing to argue that Knox should not be classified as a Tier III sex offender by the trial court. Further, under the sex offender classification scheme to which Knox stipulated the classification is automatic based on the offense. R.C. 2950.01(G)(1)(a). There is no fact-finding inherent in the imposition of the classification. Therefore, appellate counsel was not ineffective for failing to advance this argument in the appeal.

## VII. Double Jeopardy

{¶ 24} Knox asserts that "this is Double Jeopardy and the case is collateral [sic] estopped if not res judicata estopped." In attachments to his application, Knox appears to assert that the extradition proceedings in Michigan somehow precluded Ohio from indicting and convicted him on charges in the present case based on principles of double jeopardy.

{¶ 25} The United States Supreme Court has recently reaffirmed the dual-sovereignty doctrine. *Gamble v. United States,* 587 U.S.___, 139 S.Ct. 1960, 204 L.Ed.2d 322 (2019). The Court held,

> [t]he dual-sovereignty doctrine is not an exception to the double jeopardy right but follows from the Fifth Amendment's text. The Double Jeopardy Clause protects individuals from being "twice put in jeopardy" "for the same offence." As originally understood, an "offence"

> is defined by a law, and each law is defined by a sovereign. Thus, where there are two sovereigns, there are two laws and two "offences."

*Id.* at paragraph (a) of the syllabus.

{¶ 26} Knox's claim that some court proceeding in Michigan precludes his indictment and trial in Ohio due to protections afforded by the Double Jeopardy Clause of the United States Constitution are incorrect.[3] The states are separate sovereigns and charges in one do not preclude charges in others based on principles of double jeopardy. *State v. McKinney*, 80 Ohio App.3d 470, 609 N.E.2d 613 (2d Dist.1992). It also must be noted that the Michigan proceedings appear to comprise only Knox's extradition to Ohio, and Knox does not state why such proceedings preclude his trial in Ohio. Further, as explained above, Knox's reliance on matters that are not contained within the appellate record may not form the basis for reopening. *Stefan*, 8th Dist. Cuyahoga No. 104979, 2018-Ohio-3493, at ¶ 6.

{¶ 27} Knox does not express why collateral estoppel or res judicata preclude his convictions. Therefore, Knox has not set forth a colorable claim of ineffective assistance of appellate counsel.

### IX. Prosecutorial Misconduct

{¶ 28} Knox asserts a claim that the prosecutor used unethical tactics and conduct to recharge him and obtain an illegal conviction by circumventing and manipulating the process. However, Knox does not level any specific allegation of

---

[3] Knox does not cite to other sources of double jeopardy protections such as Ohio's constitution or statutes. Therefore, those potential arguments will not be addressed.

prosecutorial misconduct. He appears to assert an argument similar to the one he raises regarding double jeopardy.

{¶ 29} Knox cites to *Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), to support his claim. Knox further claims that the conduct was so egregious that it rendered the entire trial fundamentally unfair. But again, he does not allege any specific violation. Knox cites to *Berger* for the simple proposition that "[i]t is as much the duty of the United States Attorney to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Id.* at paragraph six of the syllabus. Similar to the double jeopardy argument, Knox has not established a colorable claim of ineffective assistance of appellate counsel.

{¶ 30} In Knox's discussion of judicial misconduct, discussed below, he also asserts that the trial judge and the prosecutor conspired against him. Knox appears to claim that there exists a prior indictment that was dismissed without prejudice, but does not cite to anywhere in the record to establish this claim. In an attachment to the application, Knox indicates that a previous case, "case number 17-0556," was dismissed without prejudice. However, Knox does not properly identify this case and the number does not appear to be a Cuyahoga County Common Pleas Court case number. Knox's reliance on matters that are not contained within the appellate record may not form the basis for reopening. *Stefan*, 8th Dist. Cuyahoga No. 104979, 2018-Ohio-3493, at ¶ 6.

{¶ 31} He further asserts that because of this dismissed case, the state was required to produce newly discovered evidence in order to reindict him. "A nolle prosequi is merely a withdrawal of the indictment, which if done before jeopardy has attached, does not prohibit reindictment." *State v. Dixon*, 14 Ohio App.3d 396, 397, 471 N.E.2d 864 (8th Dist.1984), citing *State v. Eberhardt*, 56 Ohio App. 2d 193, 381 N.E.2d 1357 (8th Dist.1978). Knox does not point to anything in the record that would indicate that jeopardy attached to this alleged previous indictment, and therefore does not present a colorable claim of ineffective assistance of appellate counsel.

## X. Judicial Misconduct/Double Jeopardy

{¶ 32} Knox alleges that it was "judicial misconduct for the trial judge to allow for this case to be prosecuted in her court room, when the judge knew that the case was dismissed without prejudice as the prosecution had to present and submit newly discovered or additional evidence in this case."

{¶ 33} Again, Knox fails to point to evidence in the record to support this claim and fails to cite authority for the main premise of his argument. Again, Knox's reliance on matters that are not contained within the appellate record may not form the basis for reopening.

{¶ 34} The argument then goes on to mirror the claims made regarding preindictment delay. That claim was raised by appellate counsel and argued in the direct appeal. Therefore, it cannot be a valid basis for reopening.

## XI. Ineffective Assistance of Trial Counsel

{¶ 35} Finally, Knox asserts that appellate counsel was ineffective for not arguing that trial counsel was ineffective in a number of ways.

{¶ 36} The test for ineffective assistance of trial counsel is set forth *Strickland*:

> To establish ineffective assistance of counsel, an appellant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.

*State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, 71 N.E.3d 1034, ¶ 138, citing *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 37} Appellant asserts that he wished to testify at trial, but trial counsel told him he could not. The record clearly established that Knox's decision to testify was clearly made by him.

{¶ 38} After the state rested its case at trial, the following exchange was had between the trial court and Knox and outside the presence of the jury:

> THE COURT: Okay. Now, let me ask Mr. Knox, so now it is your decision that you're not going to testify —
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: — correct?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. Have you had ample time to talk with [your attorney] about whether or not you wish to testify?
>
> THE DEFENDANT: Yes, ma'am.

THE COURT: And do you feel that you need more time to talk to him as to whether or not you should testify in this case —

THE DEFENDANT: No, ma'am.

THE COURT: — or you want to testify?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. So it's your decision that you're not going to, right?

THE DEFENDANT: Yes, ma'am.

(Tr. 693-694.)

{¶ 39} Knox's claim that he was prevented from testifying at trial is contradicted by the record.

{¶ 40} Knox also claims that he asked his trial counsel to voir dire potential jurors if any of them saw Knox on a Crime Stoppers broadcast, and trial counsel did not.

{¶ 41} Trial counsel is afforded a great deal of deference in determining trial tactics, and in questioning potential jurors. *State v. Robinson*, 8th Dist. Cuyahoga No. 85207, 2005-Ohio-5132; *State v. Phillips*, 3d Dist. Allen No. 1-15-43, 2016-Ohio-3105, ¶ 50. Knox does not point to anything in the record to substantiate that this conversation with trial counsel occurred. A search of the transcript does not reveal any mention of the Crime Stoppers broadcast. Knox's reliance on matters that are not contained within the appellate record may not form the basis for reopening. *Stefan*, 8th Dist. Cuyahoga No. 104979, 2018-Ohio-3493, at ¶ 6.

{¶ 42} Finally, Knox argues that trial counsel was deficient for failing to "ask for the 180 day ruling motion" pursuant to the IAD. As explained above, Knox has not asserted a valid claim for ineffective assistance of appellate counsel for failing to argue this issue because Knox has failed to acknowledge his actions that made him unavailable for trial. Therefore, trial counsel was not ineffective in this regard.

{¶ 43} Application denied.

_____
KATHLEEN ANN KEOUGH, JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR