[Cite as *State v. Smith*, 2023-Ohio-3974.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff- Appellee,              :

                               No. 112271

        v.                                 :

RONALD SMITH, JR.,                        :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  November 2, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-663423-A, CR-22-670339-A, CR-22-671518-A, and
CR-22-671958-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jamielle Lamson-Buscho, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano*, for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Ronald Smith, Jr. appeals the imposition of consecutive sentences imposed after he entered pleas of guilty in four felony cases.  Because the trial court properly made the necessary findings to impose consecutive sentences and we do

not clearly and convincingly find that the record does not support the sentences imposed, we affirm Smith's sentences.

## PROCEDURAL HISTORY AND RELEVANT FACTS

{¶ 2} Smith entered into a plea agreement with the state of Ohio in four felony cases. In Cuyahoga C.P. No. CR-22-663423, Smith pleaded guilty to burglary in violation of R.C. 2911.12(B), a felony of the fourth degree, and the trial court imposed a ten-month prison sentence, ordering the sentence to be served concurrently to the sentences imposed in Cuyahoga C.P. Nos. CR-22-670339, CR-22-671518, and CR-671958 and to a felony sentence imposed in Richland C.P. No. 22-277.

{¶ 3} In Cuyahoga C.P. No. CR-22-670339, Smith pleaded guilty to breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. The trial court imposed a ten-month prison sentence and ordered the sentence to be served concurrently with the sentences imposed in in Cuyahoga C.P. Nos. CR-22-663423, CR-22-671518, and CR-22-671958 and to Richland C.P. No. 22-277.

{¶ 4} In Cuyahoga C.P. No. CR-22-671518, Smith pleaded guilty to breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree. The trial court imposed a ten-month prison sentence. It ordered the sentence to be served concurrently with the sentences imposed in Cuyahoga C.P. Nos. CR-22-663423, CR-22-670339, and CR-22-670339 and to Richland C.P. No. 22-277. The trial court ordered that this sentence be served consecutively to the prison sentence in Cuyahoga C.P. No. CR-22-671958.

{¶ 5} In Cuyahoga C.P. No. CR-22-671958, Smith pleaded guilty to attempted robbery in violation of R.C. 2923.02 and 2911.02(A)(2). The trial court imposed a sentence of 24 months in prison and ordered the sentence to be served concurrently to the sentences imposed in Cuyahoga C.P. Nos. CR-22-663423 and CR-22-670339 and to Richland C.P. No. 22-277. It then ordered the sentence to be served consecutively to the sentence imposed in Cuyahoga C.P. No. CR-22-671518, finding that "it is necessary to protect the public and punish the offender, it is not disproportionate to the conduct [and] the Defendant's criminal history shows that consecutive sentences are needed to protect the public."

{¶ 6} Smith pleaded guilty to one count of burglary, two counts of breaking and entering, and one count of attempted robbery in four separate cases, and the trial court imposed an aggregate 34-month prison term. Upon his convictions, the trial court found Smith to be in violation of community-control sanctions in Cuyahoga C.P. Nos. 21-CR-660704, 21-CR- 659583, and 21-CR-659728, imposed six-month prison sentences in each case, and ordered these sentences to be served consecutively to the sentences imposed in Smith's present cases. Smith did not appeal the six-month sentences imposed for violating community-control sanctions.

{¶ 7} At the time of the sentencing hearing, Smith was 48 years old. He was on community-control sanctions in three pending cases in Cuyahoga County and serving a prison term that was imposed in a case originating in Richland County.

{¶ 8} The trial court stated that it reviewed each case file, the presentence-investigation report, and considered the relevant sentencing statutes. Within the

presence-investigation report, the trial court was made aware of the facts surrounding Smith's convictions. In Case No. 663423, to which Smith pleaded guilty to burglary, Smith was caught inside the victim's home, having entered a home through a side window. In Case No. 671958, in which he pleaded guilty to attempted robbery, Smith attacked two Dollar General store employees with a crutch after they approached him for shoplifting. In Case Nos. 670339 and 671518, Smith pleaded guilty to two counts of breaking and entering the same store on East 55th Street in Cleveland, Ohio. Smith was caught on a store's surveillance video stealing multiple boxes of cigarettes, alcohol, and money. Less than a month after his first crime, Smith returned and again took cigarettes, alcohol, and cash.

{¶ 9} In addressing the trial court, the state noted Smith had at least 25 prior cases in Cuyahoga County and was serving a prison term in his case from Richland County. The state also informed the trial court that the victim of the breaking and entering offenses asked that Smith receive a prison sentence. Smith's attorney informed the trial court that Smith was taking steps toward rehabilitation and was actively engaged in drug treatment. Smith addressed the trial court, apologized for his crimes, and told the trial court that his crimes were due to his drug habit.

{¶ 10} In sentencing Smith, the trial court stated Smith "had a swath of destruction here. I've got to give you some time. Hopefully you're not going to be using drugs while you're in prison, that you have an opportunity to get yourself clean, actually get some treatment there, be away from them sufficiently long." After

announcing the prison terms imposed in each case, the trial court made consecutive-sentence findings, stating that

> [t]he Court finds that it is necessary to protect the public and punish the offender, and it is not disproportionate to the conduct, and the defendant's criminal history shows that consecutive sentences are needed to protect the public.

## LAW AND ARGUMENT

### *Standard of Review and Relevant Law*

{¶ 11} R.C. 2929.14(C)(4) provides that when imposing consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that the sentences are not disproportionate to the seriousness of the conduct, and one of the following:

> a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} An offender may challenge consecutive sentences by arguing the sentencing court failed to make the findings required by R.C. 2929.14(C)(4) or that the record does not support the findings made by the trial court. *State v. Clay*, 8th

Dist. Cuyahoga No. 108500, 2020-Ohio-1499; *State v. Simmons,* 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459. "Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we 'clearly and convincingly' find that the record does not support the court's findings in support of consecutive sentences." *Id.* at ¶ 11.

*Assignment of Error*

{¶ 13} Smith raises one assignment of error, which reads:

Appellant's sentence is clearly and convincingly not supported by the record and is contrary to law.

{¶ 14} Smith makes three arguments in support of his assignment of error. He first argues that the trial court was required to make consecutive-sentence findings to order the sentence imposed for his community-control violations to be served consecutively to his new cases. Smith next argues that the trial court did not make a finding that a consecutive sentence was not disproportionate to the danger he posed to the public, noting that the trial court stated that it found the sentence was not disproportionate to the "conduct." Finally, Smith argues that the record does not support the imposition of a consecutive sentence because the trial court did not consider the aggregate prison term when imposing the sentence and that there was an insufficient evidentiary basis to support consecutive sentences.

{¶ 15} The state argues the trial court made the requisite findings to impose consecutive sentences and was not required to make two sets of findings in this case.

It further argues that the trial court was not required to find that a consecutive sentence would not be disproportionate to the danger the offender poses to society as alleged by Smith; instead, the state argues that the trial court need only find that consecutive sentences were "necessary to protect the public from future crime or to punish the offender" and that the trial court made the second of these findings. Finally, the state argues that Smith's conduct in these cases and his decades long criminal history support the trial court's consecutive-sentence findings.

*Having made consecutive-sentence findings, the trial court was not required to make separate findings regarding violations of community-control sanctions*

{¶ 16} The trial court imposed consecutive sentences, sentencing Smith to consecutive terms of incarceration for some of the counts in his new felony cases as well as ordering sentences imposed for community-control violations to be served consecutively. Smith argues the trial court was required to make separate findings to order the sentences imposed for his community-control violations to be served consecutively to his new sentences, citing *State v. Jones*, Slip Opinion No. 2022-Ohio-4485. In *Jones*, the Ohio Supreme Court held noted that when a trial court revokes community-control sanctions and imposes prison sentences, the trial court is required to make consecutive-sentence findings. *Id*. at ¶ 18, fn. 3.

{¶ 17} We do not read *Jones* as mandating that a trial court make separate sets of consecutive-sentence findings. R.C. 2929.14(C)(4) provides a trial court authority to order sentences be served consecutively "if multiple prison terms are imposed on an offender for convictions of multiple offense" so long as the trial court

makes certain findings. In this case, the trial court imposed prison sentences in each of the seven cases in which Smith was being sentenced. In order to impose any or all of the sentences consecutively, the trial court was required to make findings, not multiple sets of findings dependent on the source of the sentence imposed. *See Jones* at ¶ 12 ("[A] trial court may make the necessary findings and 'order a prison sentence to be served consecutively to a prison sentence previously imposed on the same offender by another Ohio court.'"), quoting *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 1; *State v. Knox*, 8th Dist. Cuyahoga No. 107414, 2019-Ohio-3567, ¶ 19, fn. 2 (Trial court has authority to impose sentences consecutively to sentences imposed in other jurisdictions.).

*The trial court made the requisite findings to impose consecutive sentences and the record supports the imposition of consecutive sentences*

{¶ 18} Smith argues the trial court did not make the requisite consecutive-sentence findings. Our review of the record reveals that the trial court did make the findings necessary to impose consecutive sentences. R.C. 2929.14(C) requires a finding that "consecutive sentences are necessary to protect the public from future crime or to punish the offender" The trial court did so by stating consecutive sentences were "necessary to protect the public and punish the offender." The statute further requires the trial court find that "the sentences are not disproportionate to the seriousness of the conduct." *Id.* The trial court found that consecutive sentences were "not disproportionate to the conduct." Finally, the statute requires a further finding, one of which being that "the offender's history of

criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *Id.* Here, the trial court found Smith's "criminal history shows that consecutive sentences are needed to protect the public."

{¶ 19} The trial court did not recite the statute verbatim when making its findings; "[h]owever, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶ 20} Smith also argues that the record does not support the findings made by the trial court, citing the mitigation evidence he offered at the sentencing hearing. Despite the mitigation offered, the trial court was sentencing Smith in four felony cases with three separate victims, as well as in three cases in which Smith violated community-control sanctions. Further, Smith had a decades-long history of felony offenses and was serving a prison term in a case from another county. On this record, we cannot clearly and convincingly find that the record does not support the trial court's findings.

{¶ 21} The sole assignment of error is overruled.

CONCLUSION

{¶ 22} When sentencing Smith to four new felony cases and three community-control violation cases, the trial court made consecutive-sentencing findings as required by R.C. 2929.14(C). The record indicated that Smith committed

multiple crimes against multiple victims and has a decades-long history of criminal behavior.  We do not clearly and convincingly find that the record does not support the findings made by the trial court and affirm the sentences imposed.

{¶ 23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR